SENECA G. DORR, APPELLEE, V. LOUIS MEYER ET AL., IMPLEADED WITH A. W. JANSEN, APPELLANT.

FILED MARCH 17, 1897. No. 7195.

1. **Mortgages:** SUBSEQUENT PURCHASER. A subsequent mortgagee of real estate is a subsequent purchaser thereof within the meaning of section 16, chapter 73, Compiled Statutes.

2. ———: ———. One who takes a real estate mortgage to secure a pre-existing debt actually and justly owing to him, without notice, actual or constructive, of the existence of an outstanding unrecorded mortgage against such real estate, is a subsequent purchaser in good faith within the meaning of section 16, chapter 73, Compiled Statutes.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Affirmed.*

*Daniel F. Osgood*, for appellant.

*Roscoe Pound, Burr & Burr,* and *Davis, Hibner & Whitmore, contra.*

RAGAN, C.

This is a suit in equity brought in the district court of Lancaster county by Seneca G. Dorr to foreclose a real estate mortgage against Louis Meyer and wife and others. Lionel C. Burr, Nelson C. Brock, and Albert W. Jansen were made defendants to the action and filed cross-petitions claiming liens upon the property described in Dorr's petition. Jansen claimed a lien upon the property by virtue of a mortgage made thereon by Meyer and wife in 1888, but not recorded until August, 1893. Both Burr and Brock claimed liens upon the property by virtue of mortgages made by Meyer and wife in 1893, but recorded before the record of Jansen's mortgage. The district court, by its decree, postponed the lien of Jansen's mortgage to the mortgages of Burr and Brock, and Jansen has appealed.

1. The court found—and the evidence sustains the finding—that the mortgages made by Meyer and wife to Burr and Brock in 1893 were made and accepted in good faith to secure debts actually and justly owing by Meyer at that time to Burr and Brock; and that neither Burr nor Brock had any knowledge or notice of the existence of Jansen's mortgage until after their mortgages had been recorded. The record presents two questions, the first of which is whether Burr and Brock are subsequent purchasers of the real estate within the meaning of section 16, chapter 73, Compiled Statutes. This section provides: "All deeds, mortgages, and other instruments of writing which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose

deeds, mortgages, and other instruments shall be first recorded; *Provided,* That such deeds, mortgages, or instruments shall be valid between the parties." The Code of Iowa, like ours, provides that the mortgagor of real estate, in the absence of a stipulation to the contrary, retains the legal title and the right to the possession of the real estate mortgaged; and the registry law of the state of Iowa provides: "No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration without notice, unless recorded in the office of the register of deeds of the county in which the land lies, as hereinafter provided." Construing this registry act and the Code, the supreme court of Iowa, in *Porter v. Greene,* 4 Ia., 571, held that a mortgagee of real estate is a purchaser within the meaning of the laws of this state respecting the recording of instruments. This case was followed and approved in *Seevers v. Delashmutt,* 11 Ia., 174. But section 45 of chapter 73, Compiled Statutes, provides: "The term 'purchaser,' as used in this chapter, shall be construed to embrace every person to whom any real estate, or interest therein, shall be conveyed for a valuable consideration." Leaving out of consideration, then, the adjudicated cases bearing upon the point under consideration, and looking only to the statute, there seems to be no doubt that a subsequent mortgagee of real estate is a subsequent purchaser thereof within the meaning of said section 16 of chapter 73.

2. The mortgages of Meyer and wife to Burr and Brock were given to secure a pre-existing debt, and the second question presented is whether Burr and Brock were purchasers in good faith within the meaning of said section 16 of said chapter 73. A diversity of opinion exists among the courts as to whether one who takes security for a pre-existing debt is a good-faith holder of such security within the meaning of the law-merchant, or within the meaning of the registry acts. But the question is no longer an open one in this state. Section 14, chapter 32,

Compiled Statutes, provides that a chattel mortgage, unless the same or a copy thereof is filed, or unless the property mortgaged should be accompanied by an immediate delivery and followed by an actual and continued change of possession thereof, "shall be absolutely void as against the creditor of the mortgager and. as against subsequent purchasers and mortgagers in good faith." Construing this statute in *State Bank of Lushton v. Kelley*, 47 Neb., 678, it was held that a mortgagee in good faith within the meaning of this section was one who took his mortgage to secure a debt actually and justly owing to him without notice, actual or constructive, of other existing claims against the mortgaged property. This ruling was adhered to on rehearing of the same case in 49 Neb., 242. To the same effect see *Turner v. Killian*, 12 Neb., 580; *Beagle v. Miller*, 37 Neb., 855; *Chaffee v. Atlas Lumber Co.*, 43 Neb., 224; *Henry v. Vliet*, 33 Neb., 130; *Babcock v. Jordan*, 24 Ind., 14; *National Bank v. Whitney*, 103 U. S., 99. And for a discussion of the same principle see *Barker v. Lichtenberger*, 41 Neb., 751; *Brooklyn & N. R. Co. v. Republic Nat. Bank*, 102 U. S., 14. It is true that section 14 of said chapter 32 in express terms protects subsequent mortgagees in good faith, while section 16, chapter 73, by its terms protects only creditors and subsequent purchasers, but this section must be read in connection with section 45 of the same chapter, and when so read there can be no doubt that the intention of the legislature was to extend the protection of the recording acts to good-faith subsequent mortgagees of real estate. Since, therefore, Burr and Brock took their mortgages without knowledge or notice of the existence of Jansen's mortgage, and took them to secure a debt honestly and justly owing, they must be held to be subsequent purchasers in good faith within the meaning of said section 16 of said chapter 73. The decree of the district court is right and is in all things

AFFIRMED.