CHARLES S. JOSLIN ET AL., APPELLANTS, V. DORA E.
WILLIAMS ET AL., APPELLEES.

FILED MAY 22, 1901.   No. 9,470.

Commissioner's opinion.   Department No. 3.

1. **Foreclosure: DEFENSE: TITLE.** In an action to foreclose a mortgage it is no defense to the mortgagor, or to persons claiming in privity with him, or succeeding to his estate subsequently to the mortgage, that at the time of the execution of the instrument he had no title to the premises sought to be affected, or that the title afterwards failed, or that there is an outstanding paramount title.

2. **Parties to Action: ADVERSE CLAIMANT.** Persons claiming adversely to a mortgagor are not proper parties to an action to foreclose the mortgage, and in their absence their rights can not be adjudicated.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J.   *Reversed.*

*Hamilton & Maxwell,* for appellants.

*B. N. Robertson,* contra.

AMES, C.

This is an action to foreclose a mortgage executed by one William R. Williams, now deceased, and his then wife, on the 5th day of May, 1891.   The mortgage was executed to the plaintiffs, as executors and trustees under the will of one John J. Joslin, deceased.   Swick was made a defendant, as having or claiming a lien or interest in the premises which was alleged in the petition to be subsequent and subject to the mortgage of the plaintiffs.   Swick did not answer, and his name does not appear elsewhere in the record.   The defendant, Dora E. Williams, is the widow of William R. Williams, who died in January, 1896, before the beginning of this action, leaving a will which was afterwards probated, and pursuant to which his widow was appointed as execu-

trix thereof. What estate, if any, the said Dora E. Williams acquired in the premises under the will, or what interest or title she ever had therein, other than her seizin and her estate of dower, the pleadings do not disclose, but she answered, admitting the execution and delivery of the note and mortgage sued upon, and pleading as a sole defense that the testator, William R. Williams, had not, at the time of the execution of the mortgage, "the legal title or any title whatever" to the property in question, but that the said real estate was a part and parcel of the Douglas county poor farm, and by said Douglas county was platted and laid out into lots and blocks and known as Douglas Addition to the city of Omaha; that the said William R. Williams purchased lot 7, in block 1, and received a deed therefor, but that said deed was made without authority of law, and is null and void, and that said William R. Williams acquired no right, title or interest in or to said lot 7, block 1, in said Douglas Addition. For a reply the plaintiff denied every allegation of the answer, except that the premises in question were at one time a part of the Douglas county poor farm, and averred that the defendant was estopped by her covenants in the mortgage in suit. On the trial, evidence was admitted tending to support the allegations of the answer, and the court, by its decree, found generally all the allegations of the petition to be true, and ascertained and adjudged the amount due upon the plaintiff's note and mortgage, and found that the possession of the premises had been, and was, in William R. Williams and wife until the decease of the former, and afterwards in the defendant continuously until the date of the decree. But the court further found that in the year 1886 Douglas county was the owner in fee of the mortgaged premises, which were a part of its poor farm, and that prior to the 16th day of May, 1887, its board of commissioners undertook to sell and convey the same to William R. Williams, and executed and delivered to him a deed therefor, but that said

proceedings and deed were without authority of law and void and failed to convey any right, title or interest in the said property, and by reason of that fact the mortgage was itself also void and the plaintiffs not entitled to a foreclosure thereof.  Consequent upon these findings, a judgment of dismissal and for costs was rendered in favor of the defendant.  This was error.  In an action to foreclose a mortgage it is no defense to the mortgagor, or to persons claiming in privity with him, or succeeding to his estate, subsequently to the mortgage, that at the time of the execution of the instrument he had no title to the premises sought to be affected, or that the title afterwards failed or that there is an outstanding paramount title.  Wiltsie, Mortgage Foreclosures, p. 420, and cases cited in note.  Persons claiming such title can not properly be made parties to the foreclosure suit, and in their absence their rights can neither be litigated in the action nor affected by the decree.  The judgment of the district court should be reversed and the case remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment in the above cause is reversed, and the cause remanded for further proceedings in accordance with said opinion.

REVERSED AND REMANDED.