JANE SMITH v. CHARLES WHITE.

FILED JUNE 5, 1901. No. 9,610.

Commissioner's opinion, Department No. 1.

1. **Receiver Will Not Be Appointed In Ejectment.** In an action of ejectment a receiver will not be appointed to take charge of the property, and to collect rents and profits before judgment entered.

2. **Ejectment: SHERIFF'S DEED: BURDEN OF PROOF.** In an action of ejectment, where plaintiff claims under a sheriff's deed resulting from a mortgage foreclosure, to which defendant was not a party, and defendant in possession claims under a prior unrecorded deed made by the mortgagor, the burden is upon the plaintiff to show that he took his mortgage for value and without notice, actual or constructive, of defendant's title; and an instruction placing the burden on defendant to show want of *bona fides* and of notice on the part of the plaintiff is prejudicial error.

3. **Estoppel by Silence; There Must Be Occasion to Speak.** To sustain an estoppel because of an omission to speak there must be both the specific opportunity and the apparent duty to speak. The party maintaining silence must have known that some one was

relying thereon, and was either acting, or about to act, as he would not have done had the truth been told. *Scharman v. Scharman,* 38 Nebr., 39.

4. **Evidence.** Evidence examined, and found insufficient to sustain plaintiff's plea of estoppel.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Francis A. Brogan,* for plaintiff in error.

*George W. Shields, contra.*

KIRKPATRICK, C.

This is an action in ejectment brought in the district court of Douglas county by Charles White, defendant in error, plaintiff below, against Jane Smith, plaintiff in error, defendant below. The petition is in form usual in actions of ejectment, setting up ownership of the property in controversy; that Jane Smith was in possession; that during her unlawful possession she had received rents and profits amounting to the sum of $100, with a prayer for judgment for the delivery of the possession of the property, and for rents and profits. The answer of Jane Smith admits her possession of the property; that she is collecting rents; and alleges that she purchased the property in 1869 with her own money, and became the equitable owner; that in the year 1885 she entered into possession of the property, and has resided there ever since; that on July 31, 1886, she received a deed to the property, and that ever since she has been the legal and equitable owner of the same and entitled to the possession thereof. To this answer a reply was filed by Charles White, in which he admits the execution and delivery of the deed mentioned in Jane Smith's answer, dated July 31, 1886, and admits that it was recorded June 5, 1896; and alleges that he is a bona-fide purchaser of the property; that on September 17, 1892, he loaned John D. Smith, the holder of the record title of said premises, the

sum of $4,500, and took from him a note and mortgage payable May 6, 1895, with interest at seven per cent. until paid; that default was made in payment of interest; that he commenced his foreclosure suit, and on June 26, 1895, obtained a decree of foreclosure; that stay was taken by John D. Smith; that on May 23, 1896, he, White, purchased the premises under his decree at a sale made by a special master; that in June, 1896, sale was confirmed, and on June 25, 1896, he received a master's deed to the property, which was placed of record July 14, 1896. He further sets up certain matters which he claims amount to an estoppel against Jane Smith asserting title to the premises. On October 27, 1896, before trial, White filed a petition praying the appointment of a receiver. In his petition he alleged his ownership; set up the execution and delivery by John D. Smith of the note and mortgage upon which he had foreclosed; the delivery of the master's deed to him; the possession of the property by Jane Smith; that she was collecting the rents and profits, that she was not keeping the property in repair, or paying taxes; that both Jane and John D. Smith were insolvent; and the same matters by way of estoppel which were pleaded in his reply. To this petition for the appointment of a receiver Jane Smith filed objections, alleging that it was an action at law to recover possession of the property in ejectment; that the court had no jurisdiction to dispossess her until after judgment; setting up that White had not asked the appointment of a receiver in his petition in ejectment, and that his petition for a receiver, when filed, set up no matters arising since the filing of his original petition; and that the facts stated did not warrant the appointment of a receiver. On December 11, 1896, a receiver was appointed to take possession of all the property, except two rooms in which Jane Smith was living, to collect the rents and hold them subject to the order of the court. Afterwards trial was had to a jury, which resulted in a verdict for White, upon which judgment was entered. Jane Smith prosecutes error to

this court, alleging various errors, of which those necessary to be examined will be considered in their order.

The first error complained of is that the court erred in appointing a receiver. The determination of this question requires a consideration of section 266 of the Code of Civil Procedure, providing for the appointment of receivers, which is as follows: "A receiver may be appointed by the supreme court, or the district court, or by the judge of either, in the following cases: First—In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of any party to the suit, when the property or fund is in danger of being lost, removed, or materially injured. Second—In an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed, or materially injured, or is probably insufficient to discharge the mortgage debt. Third—After judgment, or decree to carry the same into execution, or to dispose of the property according to the decree or judgment, or to preserve it during the pendency of an appeal. Fourth—In all cases provided for by special statutes. Fifth—In all other cases where receivers have heretofore been appointed by the usages of courts of equity." White, defendant in error, does not say under which subdivision of the foregoing section he places his right to the appointment, but an examination discloses that his claim can be sustained, if at all, only under subdivision five. It seems clear that this subdivision was not intended to confer any additional authority upon the court, but to make it plain that the preceding subdivisions providing for the appointment of receivers in particular cases were not exclusive, and did not attempt to, and indeed could not, take from the court the equitable jurisdiction given by the constitution to appoint receivers where the usages of courts of equity had theretofore authorized their appointment. Or, differently stated, the fifth sub-

division is declaratory of a power already existing under the constitution. *Bateman v. Superior Court*, 54 Cal., 285. It therefore follows that unless the case at bar is one where "receivers have heretofore been appointed by the usages of courts of equity," the order complained of is erroneous and should be reversed. We will briefly examine the cases, seemingly most in point, cited by White, defendant in error, in support of his contention. The first cited is *Rogers v. Marshall*, 38 How. Pr. [N. Y.], 43. This case, the court rendering the opinion said, "is totally different from an action of ejectment. It seeks relief on the ground of fraud, mistake and want of jurisdiction in the court in which the proceedings to foreclose the alleged lien of Maginn, were concerned. It clearly presents, therefore, precise grounds for the equitable interposition of this court, and in such cases we never refuse preliminary injunctions and the appointment of a receiver, if the condition of the subject of the controversy requires the aid of these provisional remedies." It appears that this was an equity case, pure and simple, and could in no sense be considered an authority in the case at bar.

The case of *Ireland v. Nichols,* 37 How. Pr. [N. Y.], 222, cited, was an action brought by the owner of the fee against the tenant who had sublet contrary to the terms of the lease. The answer of the tenant admitted the plaintiff's title, and that he had sublet contrary to the terms of his lease. The court held that a receiver was properly appointed, but it authorized the appointment under section 244 of the Code of New York, from which it quoted as follows: "A receiver may be appointed before judgment in an action; and on application of either party, who establishes an apparent right to property which is the subject of the action, and which is in the possession of the adverse party, and the property, or its rents and profits, are in danger of being lost or materially injured, or impaired." In this state we have no statutory provision similar to the one quoted above, and for that reason the case cited would not be an authority; however, in that case the

learned judge rendering the opinion said the appointment of a receiver in an action at law could not be sustained in the absence of the statute quoted. This case, *Ireland v. Nichols, supra,* overruled the earlier case of *Thompson v. Sherrard,* 35 Barb. [N. Y.], 593, in which it was held that a receiver could not be appointed in an action of ejectment. In the later case of *Guernsey v. Powers,* 9 Hun [N. Y.], 78, the supreme court of New York expressly reaffirmed the case of *Thompson v. Sherrard, supra,* and overruled *Ireland v. Nichols, supra.* In the *Guernsey Case* it was expressly held that "in an action to recover the possession of real estate from one in possession thereof under a contract of sale, the court will not appoint a receiver thereof *pendente lite.*" In the case of *Burdell v. Burdell,* 54 How. Pr. [N. Y.], 91, the supreme court of New York again held that a receiver would not be appointed in an action of ejectment, the syllabus of the case being as follows: "In an action of ejectment a receiver cannot be appointed before judgment."

Again, in the case of *La Bau v. Huetwohl,* 60 Hun [N. Y.], 407, which is the latest New York case we have been able to find, the supreme court of that state reversed an order of the lower court appointing a receiver in an ejectment case. In the syllabus the court made use of the following language: "Where one is personally in possession of premises under a contract for the sale thereof, the court will not, in an action to recover possession of said premises, appoint a receiver *pendente lite.*" It will thus be seen that the supreme court of New York has placed itself squarely in opposition to the rule contended for by White, defendant in error.

In the case of *Whitney v. Buckman,* 26 Cal., 447, the lower court appointed a receiver in an action of ejectment. No objection was made to his appointment. From an order granting a new trial in the main case, the plaintiff in the lower court prosecuted error, resulting in a judgment setting aside the new trial, and directing a judgment on the verdict in the lower court. A motion

was then made for an order directing the receiver to pay over to the successful party the money collected by him as receiver during the pendency of the litigation. This order was made by the lower court, from which an appeal was taken to the supreme court. At the hearing on this appeal, although the question was not presented, in a mere dictum, the court said that the appointment of a receiver after judgment was proper, but placed the authority for such appointment solely on section 143 of the practice act of California, which expressly authorizes the appointment of a receiver in such cases after the entry of judgment. This case can not be considered an authority in the case at bar. But if it were so considered, the supreme court of California in the later case of *Bateman v. Superior Court,* 54 Cal., 285, has held that a receiver could not be appointed in an action of ejectment, the syllabus of that case being as follows: "Under the Code of Civil Procedure, the district court had no jurisdiction to appoint a receiver in an action of ejectment; and an order making such appointment should be annulled." An examination of the California statute providing for the appointment of receivers discloses that subdivision 6 of section 564 of the practice act is identical with subdivision 5 of section 266 of our statute. It is thus seen that the supreme court of California, in passing upon a statute identical with our own, under which White claims, has held that a receiver can not be appointed in an action of ejectment.

While reported cases may be found in which courts of equity, in actions in the nature of ejectment, have appointed receivers in aid of actions at law, an examination discloses that such appointment is based upon some statute expressly authorizing it; or that some very exceptional conditions, such as fraud, etc., are shown to exist. It may, therefore, be safely stated as the rule, sustained by the weight of authority, that the usages of courts of equity do not authorize the appointment of a receiver in ejectment cases before judgment. So care-

fully does the law in this state guard the rights of a defendant in possession, that he is entitled to have a jury twice say that his possession is wrongful before he can be ousted.  It may, therefore, be safely stated as the rule in this state that the court will not appoint a receiver in an action of ejectment before judgment.  Not only is the foregoing rule based upon right reason, but it is supported by authority. *State v. District Court*, 13 Mont., 416; *Sengfelder v. Hill*, 16 Wash., 355; *Bennallack v. Richards*, 125 Cal., 427; *Emerson's Appeal,* 95 Pa. St., 258.  Whether there may be authority to appoint a receiver in an action of ejectment after judgment is a question not presented in this case, and will not be considered.

It is contended by White that the correctness of the order of the district court in appointing a receiver is not properly presented; but this contention is without merit. It follows from what has been said that the order appointing a receiver was erroneous and should be reversed.

Numerous errors are alleged in the giving and refusal of instructions, but only those apparently relied upon and discussed in briefs of counsel will be considered.  The third instruction given by the court on its own motion is as follows:  "The burden is upon the defendant in this case to establish by a preponderance of the evidence that defendant was in the open, notorious and exclusive possession of the premises in controversy at the time of the execution and delivery of said mortgage from John D. Smith to plaintiff on December 17, 1892, or that plaintiff knew of such deed from John D. Smith to defendant at the time of the execution and delivery of the mortgage from John D. Smith to plaintiff December 17, 1892, or that at said time plaintiff had a knowledge of sufficient facts with reference thereto, as would, if pursued, have led to such knowledge of said deed. The burden is upon the plaintiff to establish by a preponderance of the evidence, if you find defendants were in such possession, at such time, that the defendant, by her actions or silence, is estopped from asserting her claim to said premises." It is claimed

that this instruction is erroneous, because it placed upon Jane Smith the burden of proving that her possession was open, notorious and exclusive under her unrecorded deed, and that White was not an innocent mortgagee without notice. There can be no doubt that the instruction is vulnerable to this objection. Neither is there any doubt that it is the settled law of this state that a person claiming under a mortgage as against a person in possession under an unrecorded deed must allege and prove that his mortgage was given for a valuable consideration, and that he had neither actual nor constructive notice of the existence of the deed. *Keeling v. Hoyt*, 31 Nebr., 453; *Bowman v. Griffith*, 35 Nebr., 361; *Baldwin v. Burt*, 43 Nebr., 245; *Phœnix Mutual Life Ins. Co. v. Brown*, 37 Nebr., 705; *First National Bank of Plattsmouth v. Gibson*, 60 Nebr., 767. Counsel for White, in effect, admits that this instruction is erroneous, but claims that it was not prejudicial, because White did in fact assume and maintain the burden of proof. We are unable to discover any merit in this contention. There is no doubt the giving of this instruction was prejudicial error.

It is claimed the court erred in refusing to give instruction No. 5, requested by Jane Smith, which is as follows: "You are instructed that the burden of proof is on the plaintiff to prove that he took the mortgage from John D. Smith as the owner of the legal title of record, and that in taking it, he acted in good faith, and paid a valuable consideration for it, and that he had no notice either actual or constructive of the title of the defendant Jane Smith under her unrecorded deed, and unless you find all of these elements in favor of the plaintiff, then you are instructed that the said mortgage from John D. Smith to the plaintiff was not binding upon the property of the defendant, and the foreclosure thereof has given no title to the plaintiff as against the defendant's title, and you will in that case find for the defendant." Measured by the decisions of this court heretofore cited, this instruction seems correctly to state the law. It was applicable

to the evidence and proper under the pleadings, and should have been given. We do not find that this error was cured by any instruction given. The refusal to give it was therefore error.

This brings us to a consideration of the matter of estoppel urged by White. The trial court received in evidence over the objection of Jane Smith evidence showing that an action had been brought in the United States court affecting this property, in which John D. Smith, and not Jane Smith, was named as defendant; that other mortgages had been given on the property by John D. Smith before the execution of the one relied upon by White. This evidence seems to have been admitted by the learned trial judge in support of White's plea of estoppel. If the execution of these prior mortgages by John D. Smith had been brought to the knowledge of Jane Smith, and it had been shown that White knew of them, and relying upon them parted with his money, and that Jane Smith, knowing of White's reliance thereon, kept silent when she should have spoken, this evidence would have been admissible. The rule seems to be correctly stated in the third paragraph of the syllabus in the case of *Scharman v. Scharman*, 38 Nebr., 39, 40, in the following language: "To sustain an estoppel because of the omission to speak there must be both the specific opportunity and the apparent duty to speak. The party maintaining silence must have known that some one was relying thereon, and was either acting, or about to act, as he would not have done had the truth been told." It will serve no useful purpose to set out the evidence in the case, and it will, therefore, not be done. It is sufficient to say that there was an entire lack of evidence tending to show that Jane Smith ever knew that her brother had given any mortgage on the property, or that he had held himself out to the public or to any individual as the owner; and there is also an entire lack of evidence tending to show that White had ever known of the mortgages, or that he ever knew or relied upon any acts or silence on

9

the part of Jane Smith. The principal elements to constitute estoppel are, therefore, entirely wanting. The admission of this evidence should not have been otherwise than prejudicial to Jane Smith, and its admission was error.

Other errors assigned, in view of what has already been said, will not be considered.

For errors pointed out, the judgment, verdict, and the order appointing a receiver should be reversed, and a new trial granted.

DAY and HASTINGS, CC., concur.

By the Court: For the reasons given in the opinion, the verdict and judgment and the order appointing a receiver are reversed and a new trial granted.

REVERSED AND REMANDED.