Milligan v. Gallen.

---

## JAMES P. MILLIGAN V. JAMES H. GALLEN ET AL.

### FILED MAY 8, 1902. No. 12,566.

1. **Sheriff**: FORECLOSURE: SALE: PROCEEDS: VIRTUTE OFFICII. Money received by a sheriff, as the proceeds of a sale made by him under a decree foreclosing a real estate mortgage, is money received by virtue of his office.

2. ——: ——: ——: ——: ——: RECOVERY ON OFFICIAL BOND. A judgment for the conversion of money so received, may be recovered in an action on the sheriff's official bond.

3. **Foreclosure**: JUNIOR MORTGAGEE NOT A PARTY: SURPLUS: RIGHT TO CLAIM. A junior mortgagee who has not been made a party to a suit to foreclose a first mortgage, is entitled to claim and receive any money resulting from the foreclosure sale and remaining in the sheriff's hands, after the first mortgage has been satisfied.

4. ——: ——: REDEMPTION: SUBROGATION. But if such junior mortgagee is permitted to redeem the land, and does in fact redeem it, the purchaser is subrogated to his rights under the mortgage, and may claim the fund upon which such mortgage is a lien.

ERROR to the district court for Cuming county. Tried below before GRAVES, J. *Reversed.*

*Andrew R. Oleson,* for plaintiff in error.

*Milton McLaughlin, contra.*

40

SULLIVAN, C. J.

This was an action upon a sheriff's bond. The court sustained a general demurrer to the petition and gave judgment on the merits in favor of the defendants. The facts pleaded, and which were held insufficient to constitute a cause of action are, in substance, these: Timblain gave two mortgages upon real estate in Cuming county, the first being to Dufrene and the second to Gibson. Gibson sold his mortgage, but the purchaser did not record the assignment. Under a decree of foreclosure rendered in an action upon the first mortgage, James P. Milligan, the plaintiff herein, bought a small tract of the mortgaged land, and paid the sheriff therefor the sum of $400. This sale was confirmed by the court and a deed made pursuant to the order of confirmation. Gibson, being the apparent owner of the second mortgage, was made a party defendant in the foreclosure suit, but his assignee, the real owner of the mortgage, having failed to record his assignment, or otherwise disclose his interest in the property, was not brought in. Of the amount paid by plaintiff as the purchase price of the tract struck off to him. $16.88, that being sufficient to satisfy the decree, was turned over to Dufrene. The remainder was retained by the sheriff and has since been applied by him to his personal use. Afterwards the owner of the Gibson mortgage brought an action in the federal circuit court and there obtained a decree permitting him to redeem the land. Having been deprived of his property under this decree, the plaintiff contends that he is entitled to a judgment against the sheriff and his sureties for the money converted by the sheriff to his own use. It seems to us that he is clearly entitled to this relief. It was the duty of the sheriff to pay over to the person or officer entitled thereto all moneys which came into his hands by virtue of his office. The bond in suit was given to secure the performance of that duty. The money paid by plaintiff came into the sheriff's hands by virtue of his office. He

was therefore bound to pay it over to the person lawfully entitled to receive it. The owner of the second mortgage was entitled to receive it up to the time he exercised the right of redemption given him by the federal court. After that time it belonged absolutely to the plaintiff. The principle of subrogation made it his. By asserting the right of redemption the owner of the second mortgage renounced his right to the purchase money in the sheriff's hands and the plaintiff at once succeeded to the latter right. By giving up the land to satisfy the mortgage the plaintiff became in equity and good conscience the owner of the mortgage; he became, by the doctrine of subrogation, the equitable assignee of the security which he had discharged. *Arlington State Bank v. Paulsen,* 57 Nebr., 717; *Emmert v. Thompson,* 52 N. W. Rep. [Minn.], 31. In reaching this conclusion, the writer does not wish to be understood as conceding the correctness of the decree of the United States circuit court, nor as agreeing to the doctrine of *Peterborough Savings Bank v. Pierce,* 54 Nebr., 712, upon which it is said the federal decision is in part founded.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.