RICHARD O. RICHARDS, APPELLEE, v. MISCINDA SMITH ET AL., APPELLANTS.

FILED FEBRUARY 15, 1911. No. 16,300.

Mortgages: FORECLOSURE: UNRECORDED DEED: PRIORITIES. Under the provisions of section 16, ch. 73, Comp. St. 1909, a sheriff's deed to a purchaser without notice based upon proceedings foreclosing a recorded mortgage will convey a title superior to that obtained by a deed executed by the mortgagor before the foreclosure proceedings, but not recorded until after the recording of the sheriff's deed.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

A. M. *Morrissey* and A. G. *Fisher*, for appellants.

A. W. *Crites, contra.*

LETTON, J.

This is an action in ejectment. Judgment for plaintiff, and defendants appeal. Both parties claim title through one A. L. Brandt. On July 5, 1893, the land was conveyed to Brandt. This deed was filed for record on the 6th day of July. The plaintiff claims title by virtue of a sheriff's deed made in proceedings to foreclose a mortgage on the premises executed by Brandt on that day in favor of one Telford, which mortgage was afterwards assigned to Martha R. Falk. The sheriff's deed bears date of June 4, 1897, and was recorded on June 10, 1897. It conveyed the premises to Martha R. Falk, the plaintiff in that action, who on March 4, 1901, conveyed the premises to plaintiff by deed of general warranty.

The evidence for the defendants shows that on the same day that Brandt executed the mortgage he conveyed the premises to one Emma J. Allen by warranty deed. The defendants derived title by conveyance from her. The deed to Emma J. Allen was not recorded until June 16, 1899, about two years after the recording of the sheriff's deed. In the foreclosure proceedings A. L. Brandt, W. J. Bowden, John Doe, and Mary Doe were made parties defendant. No summons was issued in the case, and the only service was by publication. The defendants contend that the evidence shows that at the time the foreclosure proceedings were begun defendants' grantor, Emma J. Allen, was in possession of the land by a tenant named Wright, and that since the tenant was not served with summons the foreclosure proceedings could not affect their interests nor the interests of their grantor, Emma J. Allen, and therefore conveyed no title as against them.

Defendants concede in their brief that if a summons had been served upon the tenant of Emma J. Allen the proceedings would probably bind her, and that if Brandt had been sued before he conveyed the title he and his grantees would probably have been bound. The trouble with this argument is that it ignores the effect of the recording acts. The sheriff's deed conveying the title obtained · from Brandt through the foreclosure was placed upon record before the deed to Emma J. Allen under which the defendants claim.

Under section 16, ch. 73, Comp. St. 1909, all deeds and mortgages which are required to be recorded "shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments, shall be first recorded." This statute has been construed in the following cases: *Mansfield v. Gregory,* 8 Neb. 432; *Harral v. Gray,* 10 Neb. 186; *Hubbart v. Walker,* 19 Neb. 94; *Sheasley v. Keens,* 48 Neb. 57; *Rumery v. Loy,* 61 Neb. 755; and *Munger v. Beard & Bro.,* 79 Neb. 764.

The question presented is whether the grantee in an unrecorded deed has a better title than a purchaser without notice at sheriff's sale under foreclosure of a mortgage executed before the unrecorded deed, whose deed is recorded first. Under the foregoing provisions of the statute, the unrecorded deed from Brandt to Emma J. Allen, being recorded after the sheriff's deed based upon the recorded mortgage to Telford, was void as against the purchaser at the sheriff's sale. No person lived on the land which was unenclosed and used for grazing. It is true the witness Allen says he leased the land to the Wright brothers for 1895, 1896 and 1897, but he also says they used it for grazing and fails to show any visible possession other than that of wild land by grazing animals. We think the evidence fails to show occupation by any one sufficient to constitute notice to the purchaser at the sheriff's sale. The fact that no service was made upon the Wrights is not material since they claim no interest and their term has

long since expired.  It seems to be contended that the service of summons in a foreclosure case upon a tenant and not upon his landlord would bind the interest of the landlord; but, of course, this is not the law.  The defendants have been in the actual possession of the land since 1900. This action was begun in 1907, so that the statute of limitations had not run when the action was begun.  At the time they purchased the sheriff's deed was on record, so they cannot be said to be innocent purchasers.  There is no satisfactory evidence of adverse possession prior to the time that the defendants purchased the land.

The case was tried to the district court without the intervention of a jury.  From the whole record, we are of opinion that its judgment was correct, and it is therefore

AFFIRMED.

FAWCETT, J., not sitting.