CHARLES A. CURRIER, APPELLEE, V. SETTY SCHMIDEKE TESKE ET AL., APPELLANTS.

FILED SEPTEMBER 20, 1915. No. 18931.

1. Husband and Wife: DEED TO WIFE. A warranty deed made prior to 1877 by a husband direct to his wife conveyed to her all his estate in the premises, both legal and equitable.

2. **Mortgage Foreclosure: DECREE: PARTIES.** In an action brought after her death to foreclose a mortgage given by the wife in her lifetime, the rights of her son and sole heir were not affected by the proceedings, since he was not made a party to the action.

3. **Appeal: ASSIGNMENTS OF ERROR.** Where the assignments of error in this court are that the judgment is contrary to law, and that the court erred in overruling motions for a new trial, and no specific error in these connections is pointed out in the brief, the assignments are too general and indefinite.

APPEAL from the district court for Madison county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. F. Boyd* and *M. D. Tyler,* for appellants.

*Willis E. Reed* and *William V. Allen, contra.*

LETTON, J.

This is an action in ejectment, and to recover rents and profits. The facts are set forth at length in the opinion, *Currier v. Teske,* 93 Neb. 7. The district court had found that the plaintiff was only entitled to an undivided one-half interest in the property on account of a deed having been made to Allen and Reed of the other undivided half. But it was said in the opinion by Hamer, J.: "We think that, since the testimony was undisputed that the conveyance to Allen and Reed was intended as a mortgage and was a mere lien or security on the land for the payment of fees and expenses, the district court erred in submitting that question to the jury. The verdict was wrong in giving only an undivided one-half interest in the premises to the plaintiff. The plaintiff seems to be entitled to recover possession of the whole of the premises according to the prayer of the petition. The judgment of the district court is reversed and the cause is remanded for further proceedings in accordance with this opinion." After the cause was remanded, a trial was had to a jury and a verdict rendered for the plaintiff for the possession of the premises and damages. Motions for a new trial were filed by the defendants, which were sustained and a new trial awarded. Afterwards, by stipulation, a jury was waived and the

case tried to the court. Judgment of ouster and for rents and profits after the termination of the life estate was entered in favor of plaintiff. The cause is now here upon appeal from this judgment.

Five errors are assigned and relied upon for reversal. The first is that the judgment violates section 10, art. I of the Constitution of the United States, and section 3, art. I of the Constitution of the state of Nebraska, for the reason that it impairs the obligation of a contract, and deprives the appellants of vested rights without due process of law. The argument is that the married woman's act of this state was considered by this court in 1877, in the case of *Aultman, Taylor & Co. v. Obermeyer*, 6 Neb. 260, and it was held: "By the common law neither husband nor wife could convey lands to each other. And our law still regards them, in relation to each other, as one person, notwithstanding the statutes enlarging the rights of the wife"— that, at the time the foreclosure proceedings were had under which the defendants acquired title, this decision was the law of the state; that, since the deed from Currier to his wife was void, her son and heir, Charles A. Currier, took no interest in the premises; that it was unnecessary to make him a party to the foreclosure suit, and therefore that the foreclosure sale transferred the entire title. This argument overlooks several important and material matters. The case of *Aultman, Taylor & Co. v. Obermeyer, supra,* was a creditor's bill. The proof showed that no consideration passed from the wife to the husband for the deed, and that it was made in fraud of creditors. In addition to the quoted portion, the opinion says: "Where it is apparent that such a deed has been made, in pursuance of a valid antenuptial agreement or upon a sufficient consideration, it might be sustained in equity." In *Berkley v. Lamb*, 8 Neb. 392, which was decided in 1879, it was said: "At law such a deed is void, but equity will sustain it when made upon a sufficient consideration, or in pursuance of a valid antenuptial agreement." The foreclosure proceedings were had about two years after this opinion was filed. The deed recites a valid con-

sideration passing between the grantee and grantor, so that, even if defendants' argument is conceded to be sound, the deed had been held by this court, before the foreclosure suit, to be good in equity. The recorded deed was notice of Mrs. Currier's interest in the land. Equitable estates in land are devisable and descendible. *Cutler v. Meeker,* 71 Neb. 732. Even if Currier retained the naked legal title, the equitable title of Mrs. Currier passed to her son at her death. He was a necessary party to the foreclosure suit if it was desired to bar him of his rights.

We think the argument of defendant is based upon a false premise and is unsound. In neither of the cases decided before 1881 was the statement, that a deed made directly from husband to wife is void, essential to the decision, nor did the issues require such a determination. But in *Furrow v. Athey,* 21 Neb. 671, the issue was direct, the deed being attacked because made directly to a wife. The syllabus states: "A deed of conveyance of real estate, executed by the husband directly to the wife, in the absence of fraud, and when neither the rights of creditors nor subsequent purchasers intervene, will convey to her such real estate without the intervention of a third party as trustee." This is the first case in which the point was expressly determined as essential to a decision. The subsequent cases in this court are set out in the opinion in *Currier v. Teske,* 84 Neb. 60, a full and interesting annotation to which case may be found in 133 Am. St. Rep. 607. At the time of the foreclosure the question was an open one, but *Furrow v. Athey, supra,* settled the validity of such a deed. No decision creating any rule of property which excluded the right of Mrs. Currier to take or her heir to inherit from her had been made prior to the foreclosure proceedings, and no vested right to the property of her son and heir could be acquired at a judicial sale, when he had not been made a party to the action.

We have no fault to find with the cases cited by defendant, but they are not applicable to the facts in this case. Moreover, the prohibition in the federal Constitution of the impairment of the obligation of a contract applies to the

enactment of statutes, and not to a change of the decision of a court, even if one had been made. *Hanford v. Davies,* 163 U. S. 273, 280; *National Mutual Building & Loan Ass'n v. Brahan,* 193 U. S. 635, 651.

The second assignment is: "The judgment is contrary to law." This assignment is too general for consideration; but, since in the appellant's brief it is treated of in connection with the question raised by the first assignment, what has been said with reference to the first assignment applies equally to both.

The third assignment is: "The evidence is insufficient to sustain the finding and judgment of the court." There is some evidence for plaintiff in addition to that taken in the former trials. It has been twice decided that the former evidence was sufficient. This is now the law of the case. With the additional evidence produced, it is ample to sustain the judgment.

Assignments 4 and 5 are that the court erred in overruling the separate motions of the respective defendants for a new trial. These assignments are too general. In fact, no argument is made to support them, and, under the well-settled rules of this court, they cannot be considered. *Waxham v. Fink,* 86 Neb. 180.

We find no error in the judgment of the district court, which was evidently rendered in accordance with our previous decisions and the settled law of the case.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.