## BANK OF SAN JUAN, PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

### PETITION for a Writ of Certiorari to the First District Court of San Juan, Hon. Charles E. Foote, Judge.

No. 419.—Decided July 28, 1923.

RECEIVER—APPOINTMENT AFTER JUDGMENT—PRESERVATION OF PROPERTY—DISCRETION OF COURT.—The appellate court will take jurisdiction to review the action of a. district court in appointing a receiver only in order to correct a clear abuse of discretion, assuming that the right to appoint the receiver was properly exercised under the attributes of such a statute as section 182 of the Code of Civil Procedure, or in accordance with the rules followed by courts of equity. Under said section 182 a district court is authorized to appoint a receiver after judgment for the preservation of the property while an appeal is pending. Therefore, a district court has ample discretion to appoint a receiver for the preservation of the property and the principal question is whether it abused its discretion.

ID.—CERTIORARI—TRANSCRIPT OF RECORD—EVIDENCE.—DISCRETION OF COURT.—The evidence on the necessity of preserving the *status quo*, heard by the lower court pending its ruling on the petition. for a receiver, not having been approved by the judge and included in the record filed with the petition for a writ of certiorari, the Supreme Court is not in a. position to decide whether the district court abused its discretion in appointing the receiver. Evidence can be incorporated into the record only by the judge.

ID.—ID.—DISCRETION OF COURT.—Supposing that the said evidence was duly before this court, it would appear from the whole record that there is great confusion among the owners, holders and purchasers of the property in question regarding those to whom they should render their accounts; and the court having held that there was danger that the rents would not be preserved for the benefit of the persons entitled to them and that the property would not be properly managed because of the judgment regarding the petitioner's title, it can not be concluded that the court abused its discretion in appointing the receiver.

The facts are stated in the opinion.

*Messrs. R. Sancho Bonet* and *J. Soto Rivera* for the petitioner.

*Mr. L. Abella Blanco* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellate court will take jurisdiction to review the action of a district court in appointing a receiver only in order to correct a clear abuse of discretion, assuming that the right to appoint the receiver was properly exercised under the attributes of such a statute as section 182 of the

Code of Civil Procedure, or in accordance with the rules followed by courts of equity.

Under said section 182 a district court is authorized, among other things, to appoint a receiver after judgment for the preservation of the property while an appeal is pending. Therefore, a district court has ample discretion, for the preservation of the property, to appoint a receiver and the principal question is whether it abused its discretion, as indicated.

To warrant the writ in this case it would be necessary for this court to hold that the lower court committed an abuse of discretion in appointing the receiver. We are unable to arrive at such a conclusion for the following reasons:

1. Pending the ruling on the petition for a receiver by the district court, that court heard evidence on the necessity of preserving the *status quo* and reached a general conclusion, as set out in an opinion, that the appointment of such a receiver was necessary. The evidence so heard has not been certified to this court with the approval of the lower court and we have no authentic means of reviewing the evidence. It is true that the stenographic notes were brought up to this court with the record of the case, but they are not certified in any form. We have held frequently that the incorporation of the evidence into the record can be done only by the judge.

2. Supposing that the evidence was duly before this court, it would appear from the whole record, including the opinion of the judge, that great confusion exists among the owners, holders and purchasers of the property in question regarding whom they are responsible to or to whom they should render their accounts. The court held also that there was danger that the deferred payments and rents would not be preserved for the benefit of the person or persons entitled to them, unless they were collected by an administrator or receiver, and there was further danger that

the property would not be properly managed because of the effects of the judgment as regards the title of the Bank of San Juan, and it must be presumed that there was evidence to support that conclusion.

3. The reported cases, some of which are cited by petitioner, confirm the view that in case of a conflict in the title the courts will not appoint a receiver before judgment, in the absence of a showing of the probable success of the action and also some other element like insolvency or fraud on the part of the defendant. The petitioner, however, has not cited, nor have we been able to find, any case holding that that view prevails after judgment. On the contrary, the cases seem to indicate that after judgment a receiver will be appointed without such a strong showing and especially when fraud in the acquisition of the title is alleged. *Smith* v. *White,* 86 N. W. 930; *Hayes* v. *Jasper Land Co.,* 41 Southern, 909; *Whitney,* v. *Buchanan,* 26 Cal. 448; notes to *Cameron* v. *Groveland Improvement Co.,* 72 A. S. R. 68, 70; *Thomas* v. *Timonds,* 159 N. W. 882; *Whyte* v. *Spransy,* 19 App. D. C. 450, and the briefs of the attorneys therein.

We regret the haste with which we have had to dispose of this case during the last moments of the session of the court and when the court had so many other matters pending. We have some doubts, but they must be decided in favor of the discretion of the court. In order that the court should exercise its powers to issue a writ of certiorari after a judgment is rendered by the district court, an extraordinary case would have to be shown by the petitioner, especially when it is taken into account that there is an appeal from an order made after judgment.

The writ issued should be quashed.

*Writ discharged.*

Justices Aldrey and Franco Soto concurred.
Mr. Justice Hutchison concurred in the judgment.

Mr. Chief Justice Del Toro took no part in the decision of this case.