GUY L. CLEMENTS, SUCCESSOR-TRUSTEE, ET AL., APPELLEES, v. VELORA V. JORGENSON DOAK ET AL., APPELLANTS: FRANCIS G. DICKSON ET AL., APPELLEES.

299 N. W. 505

FILED JULY 25, 1941.   No. 31116.

*Clark Jeary, Loren H. Laughlin* and *Guy C. Chambers,* for appellants.

*Ginsburg & Ginsburg, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

THOMSEN, District Judge.

The right of an heir to property conveyed by her father to her mother, the latter now deceased, is involved in this case. On foreclosure of a mortgage, after the mother's death, the heir was not made a party.

In 1915 Arthur N. Fetterley conveyed by deed to his wife, Grace M. Fetterley, 160 acres of farm land in Lancaster county, Nebraska, of which he was then the owner. This deed was not recorded until March 26, 1927. In 1926 Arthur N. Fetterley made application to Conservative Mortgage Company, Trustee, for a loan on such property. During negotiations for the loan the wife was present. The loan was granted April 30, 1926. The mortgages given on that date were signed by Fetterley and the wife.

In five different transactions, all mortgages given by Fetterley and his wife from 1915 to 1923, the deed to the wife was forgotten or ignored. Fetterley claimed to be the owner. In composition and bankruptcy proceedings in the federal court in 1935, Fetterley listed the property as his and claimed to be the owner. In signing various bonds and agreements supplemental to the Conservative's mortgage, neither the husband nor wife mentioned any change of ownership. In a letter to attorneys as late as March 20, 1939, Arthur N. Fetterley stated he was the only one who could give a deed to the property; and in the deposition taken in

this case he admits he claimed ownership at all times mentioned.

Mrs. Fetterley died October 28, 1928, leaving her husband and daughter, Velora V. Jorgenson Doak, as her sole heirs. In the petition for administration filed October 23, 1934, this property is not listed among the assets. Another quarter is described which Fetterley claims to have been a mistake—that perhaps it was thought to be property which his daughter had inherited from his mother-in-law. Until the present suit was brought, Mrs. Doak never claimed any interest in the property now in litigation.

Because of default in payment, foreclosure was begun October 13, 1933, and completed January 20, 1938. On the latter date a sheriff's deed was issued to the mortgagee, Conservative Mortgage Company, Trustee, the purchaser, and the latter took possession. The consideration stated is $14,920. The reasonable value of the property was then, according to the testimony, $8,000. On March 1, 1939, Conservative mortgaged the property for $1,900 to the American Exchange Bank of Elmwood, Nebraska, in order to pay taxes and avoid tax lien foreclosure.

This is an action to quiet title. The principal defendant is Velora V. Jorgenson Doak who claims to have inherited a one-half interest by reason of the deed made by her father to her mother in 1915. She was omitted as a defendant in the foreclosure action. Concededly, the father, Arthur N. Fetterley, has no interest.

Numerous questions are presented, but only those necessary for a decision will be mentioned.

The defendant Doak contends that the deed from her father to her mother conveyed the legal title; that since the mother was dead at the time of the foreclosure, she, the daughter, should then have been made a party; that the sale on foreclosure disposed of merely her father's rights and interests; that her rights have not been lost through such action, and, therefore, a suit to quiet title cannot be maintained against her.

The deed from the father to the mother was not recorded

until about one year after the mortgages signed by both were given and recorded. The evidence shows without apparent dispute that the mortgagee believed the title to be in Arthur N. Fetterley and knew nothing to the contrary. Incidentally, it seems that the purpose of the deed originally was a testamentary disposition of the property in the event of the husband's death and probably never intended to be recorded unless he predeceased her; but we are assuming, to make the best possible case for the defendant Doak, that the deed was intended as a present conveyance.

An unrecorded deed is void as to mortgagees whose mortgages are placed of record first and who are without knowledge of the unrecorded deed. Comp. St. 1929, sec. 76-218; *Dorr v. Meyer,* 51 Neb. 94, 70 N. W. 543; *Smith v. White,* 62 Neb. 56, 86 N. W. 930; *McCarthy v. Benedict,* 90 Neb. 386, 133 N. W. 410; *McParland v. Peters,* 87 Neb. 829, 128 N. W. 523; *Richards v. Smith,* 88 Neb. 444, 129 N. W. 983; *Storz v. Clarke,* 117 Neb. 488, 221 N. W. 101; 26 A. L. R. 1552, 1553. However, this defendant contends that the deed had validity after it was recorded and that the mortgagee was bound to recognize it. We do not think so for two reasons:

First, the statute makes the deed void as to the mortgagee and when once void it could not then be restored to life by recording. So far as the mortgagee is concerned he is entitled totally to ignore it. The statute was intended to discourage secret conveyances and to make them as ineffectual as if they did not exist so far as innocent purchasers may be concerned. No harm to the mortgagor results from such rule. It is assumed that it is his intention, when borrowing, to repay the debt. If he does so, his secret conveyance is as valid between the parties as he intended it to be; but if he does not pay, then neither he nor his grantee can complain, since both permitted the world to assume that the title was in the one in whom it appeared of record and on the strength of which credit would have been extended.

Second, Mrs. Fetterley remained silent throughout the negotiations, when the loan was closed, and when the mort-

gages were signed. If she did not then intend that the mortgagee should believe that her husband was the title owner it was her duty to speak. By her silence she would be estopped in any action by the mortgagee from asserting that the title was not in her husband. A married woman who permits her husband to mortgage her property or permits her property to remain in the name of her husband is estopped to claim that her husband is not the owner. 4 Tiffany, Real Property (3d ed.) sec. 1235; *Holland v. Jones,* 48 S. Car. 267, 26 S. E. 606; *Duckwall v. Kisner,* 136 Ind. 99, 35 N. E. 697; *Pierce v. Hower,* 142 Ind. 626, 42 N. E. 223; *Neslor v. Grove,* 90 N. J. Eq. 554, 107 Atl. 281; *Lazzell v. Keenan,* 77 W. Va. 180, 87 S. E. 80; *Stearns v. Thompson,* 134 Me. 352, 186 Atl. 800; *Roy v. McPherson,* 11 Neb. 197, 7 N. W. 873; and see exhaustive annotations at 50 A. L. R. 668, 956 *et seq.,* on estoppel of married woman to disclose interest in property conveyed or mortgaged, and 76 A. L. R. 1501.

Of course, Mrs. Doak's interests and rights could rise no higher than that of her mother. *Jorgensen v. Crandell,* 134 Neb. 33, 277 N. W. 785. If Mrs. Fetterley were living, the only right as against the mortgagee which she might assert would be that of spouse. That, however, is a right which exists only during her lifetime and ceases with her death. Thus, upon the death of Mrs. Fetterley, to the defendant, Mrs. Doak, no inheritable right would remain, as against an action by the mortgagee.

This defendant further contends that the purchaser at a foreclosure sale is subject to the rule of *caveat emptor* and what may be of record binds him. Such rule has its limitations. The rule does not establish the validity of every recorded instrument; it does not make valid a deed which as to one of the parties to the suit is void. The buyer at a foreclosure sale acquires the title of the parties to the suit. He acquires also all the equitable rights which such parties had, and if through such he can establish that a recorded deed is void or totally ineffectual, he is not barred from doing so.

"The purchaser of real estate at judicial sale under the foreclosure of a mortgage buys at his peril, but he acquires all of the interest of the mortgagor and the mortgagee in the mortgaged premises. He acquires that interest as effectually as he would have done by deed from the parties, and he may protect himself under their rights." *Bannard v. Duncan*, 79 Neb. 189, 112 N. W. 353. See Comp. St. 1929, sec. 20-2147.

"A foreclosure sale of lands and tenements, unless the decree otherwise provides, transfers to the purchaser every right and interest in the property of all the parties to the action." *Hart v. Beardsley*, 67 Neb. 145, 93 N. W. 423; *Arterburn v. Beard*, 86 Neb. 733, 126 N. W. 379. The same principle is announced in *Young v. Brand*, 15 Neb. 601, 19 N. W. 494; *Milligan v. Gallen*, 64 Neb. 561, 90 N. W. 541; *Criswell v. McKnight*, 120 Neb. 317, 232 N. W. 586, and in the annotation appearing in 73 A. L. R. 630, and *Bristol Lumber Co. v. Dery*, 114 Conn. 88, 157 Atl. 640.

Here the mortgagee was the purchaser at its own foreclosure sale; but in any event it was entitled to the same equities and defenses which it had and could theretofore have asserted.

It is claimed that the defendant Doak has never "had her day in court" and that the statute respecting recording requires that an unrecorded deed "be adjudged" void. It is sufficient answer to say that she now has her day in court and that the conveyance from her father to her mother is now adjudged to be void. Moreover, a mortgage foreclosure is not a suit to quiet title. In a foreclosure case only the mortgagee, the mortgagor, and those who have acquired any interest from either of them subsequent to the mortgage are necessary parties. *Joslin v. Williams*, 61 Neb. 859, 86 N. W. 473; *Seattle Trust Co. v. Cameron*, 100 Wash. 92, 170 Pac. 379. The interest acquired by Mrs. Doak's mother preceded the mortgage, and, under the conditions, the conveyance was absolutely void as to the mortgagee. She was not a necessary party defendant. Therefore, Mrs. Doak was not necessary to that action.

Three cases cited by this defendant require notice and are distinguishable. In *Kerr v. McCreary*, 84 Neb. 315, 120 N. W. 1117, the husband alone signed the purchase money mortgage. Thereafter he conveyed to a third person who in turn conveyed to the wife. The deeds all given subsequent to the mortgage were recorded. The recording act was not involved; neither was any estoppel mentioned. The wife, though living, was not made a party to the foreclosure. She was lawfully the title owner. *Currier v. Teske*, 82 Neb. 315, 117 N. W. 712, 84 Neb. 60, 120 N. W. 1015, 93 Neb. 7, 139 N. W. 622, and 98 Neb. 660, 154 N. W. 234, has two factors vital to the present case lacking—estoppel and failure to record. The deed was executed before the mortgage, but apparently immediately recorded, and the mortgagee knew of the wife's title. *Goodwin v. Tyrrell*, 8 Ariz. 238, 71 Pac. 906, has close analogy to the instant case, but no question of estoppel is raised and the recording act is not involved. Sections 960 and 969 of the Revised Code of Arizona for 1928, a somewhat similar recording statute to ours declaring such conveyance void was not passed until 1901. All the events in the *Goodwin* case transpired before the passage of this act.

Other applicable rules of law may be mentioned. Section 76-218, Comp. St. 1929, grants immunity to "creditors and subsequent purchasers without notice whose deeds, mortgages and other instruments shall be first recorded." A mortgagee is a "purchaser" under this act. *Dorr v. Meyer*, 51 Neb. 94, 70 N. W. 543.

Occupancy of property by both husband and wife does not import notice of ownership by wife or that she claims any title other than as spouse when the record title is in the husband. *Storz v. Clarke*, 117 Neb. 488, 221 N. W. 101.

A purchaser with notice from an innocent purchaser without notice of a prior unrecorded conveyance is protected by the *bona fides* of his grantor. Annotations, 63 A. L. R. 1367, 1370; *Ford v. Axelson*, 74 Neb. 92, 103 N. W. 1039; *Garland v. Wells*, 15 Neb. 298, 18 N. W. 132; *Bristol Lumber Co. v. Dery*, 114 Conn. 88, 157 Atl. 640.

The district court held the deed given by Arthur N. Fetterley to Grace M. Fetterley to be void; that Velora V. Jorgenson Doak, her husband, Charles Doak, and her father, Arthur N. Fetterley, the appellants, have no interest in the property involved and quieted the title in Guy L. Clements, Successor-Trustee, appellee, subject only to the mortgage of the American Exchange Bank of Elmwood, Nebraska. We find the decree of the district court in all respects correct and the same is

AFFIRMED.