RICHARD E. TILLOTSON, APPELLANT, v. JOHN F. STEPHENS ET AL., APPELLEES, B C MFG., INC., INTERVENER-APPELLEE.

237 N. W. 2d 108

Filed December 31, 1975. No. 39960.

Kirby, Duggan & McConnell, for appellant.

Brogan & Stafford, for appellees.

Hutton & Garden, for intervener-appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover the value of a steel grain drying bin in which plaintiff had an interest as a conditional sale purchaser, but the bin was erected on the land of another which was subsequently mortgaged, foreclosed, and sold. Plaintiff appeals from a dismissal of his petition. We affirm the judgment of the District Court.

Plaintiff alleges error in two respects. First, that the case should not have been taken from the jury; and second, that the purchasers at the judicial sale did not acquire an interest in the bin superior to plaintiff's.

On December 27, 1967, plaintiff purchased a drying bin from B. C. Manufacturing, Inc. A security agreement in the nature of a conditional sales contract and a financing agreement were executed and subsequently filed in the office of the county clerk. The bin was erected on property owned by the Newman Grove Grain Company. A waiver of claims to the bin was signed by Willis C. Pelter individually as owner of the real estate. Pelter was a stockholder in and president of the Newman Grove Grain Company, but did not sign in that capacity. The bin was anchored to a concrete base and

became an integral part of the grain corporation's elevator to which it was connected with loading and unloading ducts, electrical wiring, etc. On February 2, 1971, the owner of the real estate mortgaged it to the Battle Creek State Bank. This mortgage was eventually foreclosed and defendants' title is based on a purchase at the foreclosure sale. Three different judicial sales were held. There is some evidence that at the first sale a reservation of the bin was announced and that one of the defendant purchasers knew plaintiff owned the bin. No reservation was made in the notice of sale or at the time the second and third sales were held.

Section 9-401, U. C. C., requires that in regard to goods which are to become fixtures to perfect a security interest, it must be filed in the office where a real estate mortgage would be filed or recorded. This means the B. C. Manufacturing, Inc., agreement had to be filed in the office of the register of deeds. It was not. This being true, section 9-401, U. C. C., renders the filing ineffective as against any party not having notice of the financing statement. There is no evidence of notice to the Battle Creek State Bank.

Section 1-201, U. C. C., states that "purchase" includes taking by mortgage and that "value" includes any consideration sufficient to support a simple contract.

Section 9-313, U. C. C., provides that a security interest on goods which become fixtures does not take priority over a subsequent purchaser for value of an interest in the real estate if the subsequent purchase is made without knowledge of the security interest and before it is perfected. The security interest of B. C. Manufacturing, Inc., not being properly filed, was not perfected and the Battle Creek State Bank's mortgage lien had priority. This section also provides that anyone, other than the mortgage holder, purchasing at a foreclosure sale is a subsequent purchaser.

There is no evidence that the Battle Creek State Bank, at the time it obtained the real estate mortgage,

had any notice of plaintiff's interest in the bin and there was nothing in the real estate records to reflect such an interest; neither was plaintiff in possession of the bin. Under such circumstances the bank acquired a lien on the bin which was a fixture on the mortgaged land. A bona fide mortgagee is entitled to the same protection as a bona fide purchaser or grantee. See, 55 Am. Jur. 2d, Mortgages, § 324, p. 393; Dorr v. Meyer, 51 Neb. 94, 70 N. W. 543; Clements v. Doak, 140 Neb. 265, 299 N. W. 505. "As a general proposition, special agreements fixing the status of property as realty or personalty are binding only on the contracting parties and their privies, and are not binding on third parties without notice thereof, * * *. Thus, it is ordinarily held that a subsequent purchaser or mortgagee of the land is not bound by an agreement between the annexer and the landowner that the property retain its status as personalty." 35 Am. Jur. 2d, Fixtures, § 18, p. 714. See, also, 36A C. J. S., Fixtures, § 18, p. 642.

The B. C. Manufacturing, Inc., had the legal title to the bin. Plaintiff had an equitable interest as the conditional purchaser. As we have seen, neither of these parties could prevail against the mortgagee of the real estate. The mortgagee was entitled to have the bin sold with the land and did so. "The buyer at a foreclosure sale acquires all the legal and equitable title of the parties to the suit." Clements v. Doak, *supra.* The purchasers at the foreclosure sale acquired all the property subject to the mortgage, including the bin. Since the bin was subject to the mortgage and could be legally sold and conveyed, it is immaterial whether or not a purchaser had notice of plaintiff's interest in the bin, just as it would be immaterial if the mortgagee acquired such notice *after* taking the mortgage.

The judgment of the District Court is affirmed.

AFFIRMED.