CALVIN M. SMITH, APPELLEE, V. LEVI DEAN, APPELLANT.

1. **Finding against Evidence.** Where the evidence on behalf of the plaintiff and defendant is about of equal weight this court will not disturb the finding as being against the weight of evidence.

2. **Husband and Wife.** A deed from a husband directly to his wife may be sustained if equitable grounds, such as a valuable consideration, exist for sustaining it.

3. **Parties:** ACTION QUIA TIMET. A party having the legal title to unimproved lands not in the actual possession of the defendant may maintain an action to quiet his title to the same.

4. **Deed:** DESCRIPTION, *Held*, Sufficient.

APPEAL from the district court of York county. Tried below before GEORGE W. POST, J.

*Edward Bates*, for appellant, on conveyance from husband to wife, cited: *Aultman v. Obermeyer*, 6 Neb., 260. *Winans v. Peebles*, 32 N. Y., 423. Action *quia timet* not

proper. *State v. S. C. & P. R. R.*, 7 Neb., 376. Description insufficient. 3 Wash. Real Prop., 381. *Wofford v. McKinna*, 23 Tex., 44. Defendant's title is good against plaintiff's unrecorded deed. 3 Wash. Real Prop., 339. *Bell v. Twilight*, 18 N. H., 159. *Trull v. Bigelow*, 16 Mass., 406.

*Sedgwick & Power*, for appellee, cited: 3 Wash. Real Prop., 407, 408. *McDonald v. Early, ante* p. 63. *Crook v. Vandevoort*, 13 Neb., 507. *Hanlon v. Wilson*, 10 Neb., 138.

MAXWELL, J.

This is an action to quiet title. A decree was rendered in the court below in favor of the plaintiff, from which the defendant appeals to this court. It appears from the record that in May, 1872, one Jacob R. Gilmore obtained a patent from the United States for the north-east quarter of section seven, in township nine north, range one west, in York county; that a few days prior to that time, but after he was the owner of the land, he conveyed said land directly to his wife by a warranty deed; that in December, 1873, Catharine E. Gilmore, the wife of Jacob R. Gilmore, by warranty deed conveyed "all that certain piece of land lying in the bend of the West Blue river, described and bounded as follows: Commencing at a point in the center of the West Blue river about five rods west of the point where the center line of said river crosses the east line of sec. No. seven, of township No. nine north, of range No. one west, thence nearly due west along the top or brow of the bluff on the south side of said river, and past a stake on said bluff until this line strikes the center of said West Blue river at a point about thirty rods west from the place of beginning, thence along the center of said Blue river towards the east to the point of beginning, containing four and three-quarters acres more or less." The consideration

28

paid by the plaintiff for the land was the sum of $95. In March, 1874, Gilmore and wife executed a mortgage to the Union Mutual Life Insurance Co. upon the entire quarter section. In January, 1880, Gilmore and wife made a quit-claim deed to one Harding, in full satisfaction of the mortgage, with the right to redeem at any time within one year. In November, 1880, Gilmore and wife sold the redemption contract to the defendant, who obtained a deed from the insurance company. All of these deeds and mortgages were recorded soon after their execution, except that to the plaintiff, which was not recorded until September, 1881. The deed from Gilmore and wife to the insurance company and from the insurance company to the defendant purported to convey the entire quarter section. The defendant claims to be an innocent purchaser without notice of the plaintiff's rights. The tract conveyed by Gilmore and wife to the plaintiff was at the time of the purchase and now is covered with timber, and there was no actual possession except from occasionally cutting timber from the same. The plaintiff, however, claims that the defendant had actual notice of his rights before purchasing, and that he took the title subject to such rights. Upon this point the proof is conflicting. Elias and Jacob R. Gilmore both swear positively that before the defendant purchased the land he was informed by them that the plaintiff owned the land in dispute. There is also other evidence tending to establish the same facts. The defendant testifies positively that he had no notice, actual or constructive, and also introduced witnesses who contradicted the plaintiff's witnesses on some material points. The evidence is so nearly balanced that the court might have found for either party without danger of the finding being reversed as being against the weight of evidence. The finding being for the plaintiff therefore will not be set aside.

Objection is made that the conveyance being direct from Gilmore to his wife that no title passed by such deed, and

that therefore no title passed to the plaintiff by the deed of
Mrs. Gilmore to him.   At common law no title passed by
a deed from a husband to his wife, for the reason that the
right of the wife to make contracts was suspended during
coverture.   The doctrine evidently originated at a time
when a wife was regarded as but little better than a slave,
and has but little application to our state of society, and
will not be extended beyond the strict requirements of the
law.   In equity a wife has ever been regarded as a distinct
person, capable of contracting, and whenever equitable
grounds for relief have existed her rights have been en-
forced and protected.   So the deed of a husband to his
wife, though void at common law, will be sustained when-
ever equitable grounds exist for sustaining the same, such
as a valid consideration.   *First National Bank v. Bartlett*,
8 Neb., 328.   *VanDeuzer v. Peacock*, 11 Id., 245.   *Crook
v. Vandevoort*, 13 Id., 507.   *Putnam v. Bicknell*, 18 Wis.,
351.   *Hannan v. Oxley*, 23 Id., 519.   *Beard v. Dedolph*,
29 Id., 136.   *Fenelon v. Hogoboom*, 31 Id., 172.   *Carpen-
ter v. Tatro*, 36 Wis., 297.   *Mehlhop v. Pettibone*, 11 N.
W. R., 553.   The testimony clearly shows that the con-
tract for the land was made by the plaintiff with both Gil-
more and wife, and the sum of $95 was paid for the land.
The deed, therefore, from Mrs. Gilmore to the plaintiff is
valid.

   Objection is made that the form of the action should be
ejectment, and not to quiet title, but as the plaintiff has the
prior deed, and thereby constructive possession of the land
in dispute, and as the defendant is not in actual possession
of the same, the plaintiff may maintain an action to quiet
title.   The description of the premises would not be defi-
nite but for the fact that the land conveyed is in a bend of
the river, and the line running westwardly from one point
on the river to another passes along the *brow of the bluff*.
This point fixes the limit from the bend in the river, and
the testimony tends to show that the line can thereby be

rendered certain.    There is no error in the record and the judgment will be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.