21 671
44 763
21 671
49 692

B. F. FURROW ET AL. V. ELIZA ATHEY ET AL.

1. **Husband and Wife**: DEED TO WIFE. A deed of convey-
   ance of real estate, executed by the husband directly to the
   wife, in the absence of fraud, and when neither the rights of
   creditors nor subsequent purchasers intervene, will convey to
   her such real estate without the intervention of a third party as
   trustee.

2. ———: HOMESTEAD. When the husband and wife occupy a
   homestead, the title to which is in the name of the husband, a
   deed of conveyance from the husband to the wife, signed and
   acknowledged by him alone, is valid, although not signed and
   acknowledged by the wife.

Appeal from the district court of Richardson county,
Tried below before BROADY, J.

*A. Schoenheit*, for appellants.

*A. H. Babcock*, *E. W. Thomas*, and *E. A. Tucker*, for
appellees.

REESE, J.

The first question presented in this case is, whether a
husband can convey his real estate to his wife without the
intervention of a third party as a trustee, in a case where
no fraud is shown, and the rights of creditors or other
third parties do not intervene.

As has been decided by this court, the deed from a hus-
band to the wife was void by the common law. *Smith v.
Dean*, 15 Neb., 432. *Johnson v. Vandervort*, 16 Id., 144.
But in equity such deeds have been upheld when any
equitable reason therefor was shown. Id.

There is some evidence tending to prove a valuable con-
sideration for the deed in question, growing out of money
received by the wife from her separate property, and given

to the husband.   If this was true, it would raise an equity in favor of the wife which would support the deed.   There is sufficient evidence to sustain the finding of the court upon this point, and the decree could not therefore be molested.   But aside from this we can see no reason why the decree of the district court is not correct.

It appears that in 1868 Charles Furrow, the husband, now deceased, purchased the land in question from the United States.   At that time he, with defendant, his wife, settled upon it, and they resided there together until his death, which occurred in 1880.   In 1879, while in poor health, he conveyed the premises to her.   It was their home.   They had a family of children, the plaintiffs, and the deed was evidently executed to her in order that she might be enabled to rear and educate the family in which she was as much interested as the husband, and which he fully understood at the time he made the conveyance.   If it had been made to a third party as a trustee, and by him conveyed to defendant, it perhaps would never have been questioned.   It is just as good without such intervention. *Huber v. Huber*, 10 Ohio, 373.   *Garlick v. Strong*, 3 Paige, 452.   *Coates v. Gerlach*, 44 Penn. St., 43.   *Story v. Marshall*, 24 Tex., 305.   *Barker v. Koneman*, 13 Cal., 9.   *Deming v. Williams*, 26 Conn., 226.   *Brookbank v. Kennard*, 41 Ind., 339.   *Hunt v. Johnson*, 44 N. Y., 27. *Eddins v. Buck*, 23 Ark., 507.   *Wilder v. Brooks*, 10 Minn., 50.

It is next contended that the deed was void under the provisions of chapter 36 of the Compiled Statutes, and particularly under section 4 of said chapter, the property being the homestead at the time of the conveyance.   Section 4 is as follows : " The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife."

Statutes creating the homestead right were enacted for

the protection of the family of the husband or wife, if the head of the family were a debtor, and for the protection of the husband or wife against a conveyance or encumbrance by the other.   Both can join in a conveyance, and by it the right of the children or other members of the family may be entirely destroyed; but where the title is held by the husband, he cannot sell without the consent of the wife expressed by signing and acknowledging the deed.   The same rule applies to the wife where the title is held by her.   In effect, an estate or interest in the land is created, of which the party not named in the deed cannot be divested by the sole act of the other.   But in the case at bar no effort was made to divest the wife of her estate or right.   That remained unimpaired.   I can see no reason why she should be required to execute the deed to herself in order to its validity.   Neither do I find any authority for such a holding.   The reverse seems to be the rule.   Thompson on Homesteads, 473.   *Reihl v. Bingenheimer*, 28 Wis., 84.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.