CHARLES A. CURRIER, APPELLANT, V. SETTY SCHMIDEKE
TESKE ET AL., APPELLEES.

FILED APRIL 13, 1909. No. 15,245.

1. **Husband and Wife:** CONVEYANCES. A deed of conveyance direct
from husband to wife without the intervention of a trustee, made
in good faith, and not in fraud of creditors, is valid both in law
and equity, and operates to pass the full title and estate which
it purports to convey. In so far as *Aultman, Taylor & Co. v.
Obermeyer,* 6 Neb. 260, and *Johnson v. Vandervort,* 16 Neb. 144,
hold to the contrary, such cases are overruled.

2. **Mortgages:** FORECLOSURE: SALE: ASSIGNMENT OF BID. A mortgagee
purchased at the foreclosure sale through an agent, and the sale
was confirmed to him. Prior to the sale the agent had been
negotiating with one Schmideke for the sale of the land. After
confirmation the agent completed the sale to Schmideke, and
caused the sheriff to execute a deed direct to him, reciting that
Schmideke was the purchaser at the sale. The agent delivered
the deed to Schmideke, and received the amount of the bid
therefor. *Held,* after the lapse of more than 20 years, the mort-
gagee having made no claim that the deed was void, and by his
agent having received the purchase money, that an assignment
of the bid and purchase will be presumed, and the sheriff's deed
will be held sufficient to pass all the rights of the original pur-
chaser to the grantee.

3. ———: ———: ———: TITLE ACQUIRED. The purchaser at a fore-
closure suit buys all the interests of the parties to the suit.

4. ———: ———: ———: ———. The owner of an estate by the
curtesy in certain land was made defendant to an action to fore-
close a mortgage given by the wife in her lifetime. His son, who
had inherited the estate subject to his life estate, was not brought
in. *Held,* That the sale on foreclosure could only convey the
life estate of the defendant, even though the purchaser may have
believed he acquired the whole title.

5. **Ejectment:** ACTION: BAR. An action of ejectment is prematurely
brought against one claiming under a life tenant, if begun before
the death of such tenant. Such action, however, is no bar to a
subsequent action seasonably instituted.

REHEARING of case reported in 82 Neb. 315. *Affirmed
in part and reversed in part.*

LETTON, J.

The facts in this case are fully stated in the former opinion, 82 Neb. 315. In that opinion it was held that the defendants weɾe mortgagees in possession, and that, since plaintiff had not tendered or offered to pay the amount of the mortgage debt, he could not maintain ejectment. A motion for rehearing was filed, accompanied by a request that, if the court still held upon a rehearing that the defendants were mortgagees in possession, the plaintiff might be permitted to amend his petition so as to offer to pay the amount properly due under the mortgage. A rehearing was allowed, the case argued and submitted to the court, as augmented by the adoption of the constitutional amendment, and is now before us for decision. In the view the court takes, it becomes necessary to consider several points argued, but not decided, at the former hearing.

1. The nature of the estate, if any, conveyed by the deed made directly from Eugene Currier to his wife, Mary J. Currier, must be determined. As to the legal effect of a deed direct from husband to wife, the former opinions of the court are difficult to reconcile. In *Aultman, Taylor & Co. v. Obermeyer*, 6 Neb. 260 (1877), opinion by MAXWELL, J., it was held that by the common law neither husband nor wife could convey lands to each other, that our law still regards them in relation to each other as one person, notwithstanding the statutes enlarging the rights of the wife, and it was further held that a deed of conveyance direct from husband to wife is "absolutely void." In *Berkley v. Lamb*, 8 Neb. 392 (1879), while not essential to the disposition of the case, it was said: "At law such a deed is void, but equity will sustain it when made upon a sufficient consideration." In *Smith v. Dean*, 15 Neb. 432 (1884), action to quiet title, opinion by MAXWELL, J.: "At common law no title passed by a deed from a husband to his wife, for the reason that the right of the wife to make contracts was suspended during coverture.

The doctrine evidently originated at a time when a wife was regarded as but little better than a slave, and has but little application to our state of society, and will not be extended beyond the strict requirements of the law. In equity a wife has ever been regarded as a distinct person, capable of contracting, and whenever equitable grounds for relief have existed her rights have been enforced and protected. So the deed of a husband to his wife, though void at common law, will be sustained whenever equitable grounds exist for sustaining the same, such as a valid consideration." In *Johnson v. Vandervort,* 16 Neb. 144 (1884), Cobb, C. J.: Action to quiet title and for partition. Plaintiff claimed through a deed direct from husband to wife. The court held that the wife acquired no legal title by the deed, but that the "deed was evidence of a provision made for her support by her husband, which upon timely application by her for that purpose would have been aided by a court of equity. But she made no such application." It was held that there was no title in the plaintiff, and he could not maintain the action. In *Furrow v. Athey,* 21 Neb. 671 (1887), opinion by Reese, J., the opinion does not show the nature of the action: "The first question presented in this case is, whether a husband can convey his real estate to his wife without the intervention of a third party as a trustee, in a case where no fraud is shown, and the rights of creditors or other third parties do not intervene. * * * If it had been made to a third party as a trustee, and by him conveyed to defendant, it perhaps would never have been questioned. It is just as good without such intervention." In *Ward v. Parlin,* 30 Neb. 376 (1890), opinion by Norval, J., the action was to set aside a certain deed from Ward to his wife as being in fraud of creditors. It was held that a husband may legally give his wife a deed or mortgage to secure a preexisting *bona fide* deed, and such conveyance is not fraudulent as to his other creditors if taken in good faith and without any fraudulent purpose. This was a creditor's bill, and the legal effect of direct con-

veyance was not decided nor discussed. *Wanser v. Lucas,* 44 Neb. 759 (1895), was an action by heirs to recover real estate conveyed by deed direct from husband to wife. The opinion does not state the nature of the suit, but apparently it was ejectment. The deed was upheld, POST, J., quoting and adopting the language of Judge REESE in *Furrow v. Athey, supra.* In *Dayton Spice-Mills Co. v. Sloan,* 49 Neb. 622 (1896), certain creditors attached real estate mortgaged direct from husband to wife. On error to this court from an order dissolving the attachment, the opinion by HARRISON, J., cites the prior cases in this state without distinguishing them, reverses the district court, and holds that the mortgages were valid. In *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Neb. 892 (1901), it was held that, where real estate is conveyed by a husband to his wife without pecuniary consideration, the presumption is that it was a gift or advancement, and that the parties intended that the full and absolute title both real and equitable should pass by the conveyance.

From this resume of the former holdings of this court it appears that, while the doctrine of *Aultman, Taylor & Co. v. Obermeyer* and *Johnson v. Vandervort, supra,* that a deed direct from husband to wife is void. in law; has never been directly repudiated or the cases overruled, the fact is that in every case for the last 25 years in which the validity of such conveyance has been attacked it has been held that such a deed, in the absence of fraud, was valid in all respects, and conveys the entire estate, both legal and equitable. The writers of the opinions have clung to the verbal husks of the old rule, while in fact it was ignored in the action taken and the decision made. The rule of *Furrow v. Athey, supra,* announced in 1887, that the deed "is just as good" without the intervention of a trustee, has been followed ever since that opinion was written, and is the law of this state. This is common sense, and is in accordance with the modern tendency to disregard the fictions and technical niceties and distinctions of the common law. While the language of the

married woman's act does not apply to such a transaction, yet the liberalizing tendency and spirit of this legislation has permeated the body of the law relating to husband and wife, and the tendency of modern courts is toward enlarged freedom of contract between them. From the writer's own knowledge it has been generally accepted among the legal profession in this state since *Furrow v. Athey* that a direct conveyance is good, and, in so far as *Aultman, Taylor & Co. v. Obermeyer* and *Johnson v. Vandervort, supra,* hold that a deed direct from husband to wife made *bona fide,* and not in fraud of creditors, does not operate to pass both the legal and equitable estate, such cases are overruled. We conclude, therefore, that the deed from Currier to his wife conveyed to her the full legal and equitable title to the land, and that upon her death the estate vested in her son, the plaintiff, subject to the life estate by the curtesy of her husband. The foreclosure action was prosecuted without making the plaintiff, who was then the owner of the remainder and equity of redemption, a party, and consequently was without effect upon his rights.

2. Plaintiff contends that the sheriff's deed to Schmideke under which defendants claim title is absolutely void, and conveyed neither a legal nor an equitable estate to him because he was not the purchaser at the sale. At the foreclosure sale the bidder was John Campbell, the owner of the mortgage debt and the plaintiff in that action, and the sale was confirmed "to the purchaser, John Campbell." The evidence indicates that one Frank Barnes of Madison had been acting as Mr. Campbell's agent in the matter of the mortgage, and that prior to the sale he had also been negotiating with Mr. Schmideke for the sale of the land to him. Mrs. Teske says he was to buy the land for her then husband Schmideke, and that Barnes procured the sheriff's deed to Schmideke and delivered it to him. The sheriff's deed recites that Schmideke was the purchaser at the sale. Under these circumstances, after the lapse of so many

years, and considering that Campbell never made any claim that the deed was void, and through his agent accepted and retained the purchase money and caused the deed to be made to Schmideke, it will be considered that he became by equitable assignment the owner of Campbell's interest in the bid, that the deed was made pursuant to such assignment, and that he thereby became vested with all interests that Campbell then had. The purchaser at a foreclosure sale buys all the interests of all the parties to the suit. Code, sec. 853. *Young v. Brand,* 15 Neb. 601; *Dodge v. Omaha & S. W. R. Co.,* 20 Neb. 276; *Buchanan v. Griggs,* 18 Neb. 121. That which was sold, therefore, was the life estate of Eugene Currier and Campbell's unforeclosed mortgage on the plaintiff's equity of redemption. At the sale the interest of the defendant sold for $500, while the amount of the decree was $367.87. The proceeds of the defendants' interest, therefore, paid the mortgage debt and extinguished the lien on plaintiff's equity of redemption. So that, when Campbell sold to Schmideke, he sold the life estate which he had foreclosed upon and purchased, and that alone. If the mortgage had been upon several tracts, the title to which was in several owners, and the action had been brought against one owner and as to his tract alone, if that tract sold for enough to pay the entire mortgage debt, the mortgage would be discharged as to all. We think that the effect in this case is the same.

The defendants assert that it was "the land itself" that was sold, and not the life estate, but this cannot be true. The interests alone of the parties to the suit were sold. To hold otherwise would be to deprive one of property without due process of law. The purchaser at a foreclosure sale must advise himself of the title he buys, and when the real owner of the fee is not made a party he cannot deprive him of any of his rights by the purchase. Schmideke took possession under the sheriff's deed, as he was entitled to do. Eugene Currier died October 17, 1901.

8

The defendants' estate and right of possession were contemporaneous with Currier's life, and died with him. This action in ejectment was begun nearly ten months before the death of Eugene Currier, and while the defendants were fully entitled to possession of the land. Proper service was had upon all the defendants except Walter Schmideke. As to him, the first service was quashed, and a new summons was served in 1906 after the termination of the life estate. The insanity of Carl Teske was suggested by amendment to the petition in 1905, and the cause revived in the name of Gustave Teske as his guardian. Since the action was begun as to all the defendants except Walter Schmideke during the life estate of Eugene Currier, the action was prematurely brought as to such other defendants. The court did not err in directing a verdict for such defendants. This, however, does not constitute a bar to an action brought within the statute of limitations to recover the possession of the land.

A number of other questions are discussed in the brief, and have been considered by the court, but under the conclusion reached it is unnecessary to notice them.

The judgment of the district court is affirmed as to all of the defendants except Walter Schmideke, without prejudice to a proper action to recover possession. As to Walter Schmideke, the judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

REESE, C. J., and BARNES, J., not sitting.