FARMERS INVESTMENT COMPANY, APPELLEE, V. ALMEDA Z. O'BRIEN, APPELLANT.

FILED JULY 19, 1922. No. 22092.

1. **Vendor and Purchaser:** DISCHARGE OF INCUMBRANCE: WAIVER. The right of a purchaser of land under a written contract to have an existing mortgage or other incumbrance discharged before accepting title may be waived by parol.

2. **Homestead:** CONVEYANCE. A contract for the sale of homestead property signed by both husband and wife, though not acknowledged, when made at the same time with a warranty deed to the property, which deed they both execute, and duly acknowledge, and which is delivered in escrow, *held* to be a valid contract.

3. **Vendor and Purchaser:** CONTRACT: WAIVER OF CONDITIONS. When a contract provides for the furnishing of an abstract by the vendors, and the vendee, after the execution of the contract, consents to procure the abstract and have it brought down to date, and from the purchase moneys in its hands, due on the contract, to pay off certain charges against the land, *held*, that there is a waiver of the strict terms of the contract which require the vendor to do those things.

4. ————: ————: BREACH. And where the vendee has so undertaken to have the abstract brought down to date, and an attachment is levied against the land on a claim for $125, the vendor in the meantime having moved out of the state, *held*, that the vendee cannot declare the vendor guilty of a breach of contract in not having the lien satisfied and the abstract extended, until the vendor has been informed of the attachment and has been given reasonable opportunity to satisfy it.

APPEAL from the district court for Harlan county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed.*

*Bernard McNeny* and *J. G. Thompson,* for appellant.

*Burkett, Wilson, Brown & Wilson, Clark Jeary, Clarence G. Miles* and *O. E. Shelburn,* contra.

Heard before MORRISSEY, C. J. ROSE, DEAN, ALDRICH and FLANSBURG, JJ.

FLANSBURG, J.

This was an action by the plaintiff, Farmers Investment Company, to recover from the defendant, Almeda Z. O'Brien, $1,000 and other moneys paid under a contract whereby the plaintiff company had agreed to purchase from defendant a certain farm. The trial court found in favor of the plaintiff and entered a judgment for a return to plaintiff of the moneys so paid by it. From that judgment, the defendant appeals.

The contract provided that plaintiff should pay $13,250 for the farm; $1,000 of this consideration was to be paid immediately, and defendant was to furnish to the plaintiff an abstract of title and deliver warranty deed on or before January 1, 1919; plaintiff was to assume a mortgage of $4,000 upon the land and was to pay the remainder of the purchase money to the defendant on March 1, 1919.

The land in controversy was the homestead of the defendant. The contract was in writing and signed by the defendant and her husband, but not acknowledged. However, at the same time with the execution of the contract, and as a part of the same transaction, a warranty deed covering the property was duly executed and acknowledged by both the defendant and her husband and the deed, together with the written contract, placed in escrow in a bank.

The principal ground upon which the plaintiff bases its claim for recovery is that this contract, not having been acknowledged by both husband and wife, was utterly void, and that the payments made by the plaintiff to the de-

fendant under it could be recovered as upon an action for money had and received.

It is true that this court has many times held that a contract for the sale of a homestead, not duly executed and acknowledged by both husband and wife, is utterly void, but those cases are where there was one instrument only evidencing the agreement, and that instrument was either not signed, or not signed and acknowledged, by both parties. In this case an instrument, in effect a part of the contract between the parties, and that part a warranty deed, which has to do with the conveyance of the property, was duly executed and acknowledged by both husband and wife in strict accord with the requirements of the statute. Surely the purchaser cannot be allowed to escape upon the alleged ground that both husband and wife have not consented to a conveyance of the homestead and have not executed a proper instrument as required by the statute. To allow that to be done would, indeed, be to lose sight of the object of the statute. The statute was not intended to protect nor to furnish technical defenses to purchasers of homestead property, but its object was one in the interest of society generally, to protect the home and to prevent its conveyance except by the joint consent of both husband and wife expressed in writing and duly acknowledged. Is anything more needed to express such joint consent to the conveyance of the homestead than a warranty deed duly executed and acknowledged by both such parties at the same time and as a part of the same transaction where both husband and wife sign a written contract agreeing to make that very conveyance? Such instruments, when so made, are to be construed together and held to constitute an entire agreement. Were we to hold that agreement void, it would be to lose sight entirely of the object and purpose of the law, and to furnish the purchaser of the property a means of escape without any sound reason and justification and certainly when no such release of obligation was intended by the statute. *Lennartz v. Montgomery*, 138 Minn. 170; *Epperly v. Ferguson*,

118 Ia. 47; *Smith v. Kibbe,* 104 Kan. 159.

Plaintiff, as a further contention, argues that the defendant has defaulted in the performance of his contract, in that he did not furnish, within the time agreed, an abstract of title; that interest had become due and delinquent upon the $4,000 mortgage; and that commission notes also, really constituting a part of the interest charge on this mortgage, had not been paid, all of which constituted a lien upon the land; furthermore, that on March 5, 1919, an attachment had been issued against the land on a claim of $125, and that this lien stood unsatisfied.

The testimony of the defendant, which stands uncontradicted in the record, and therefore that issue should not have been submitted to the jury, is to the effect that an understanding was had with the plaintiff subsequently to the making of the written contract, whereby the plaintiff consented to procure the abstract from the person who held the $4,000 mortgage and have it extended, and that plaintiff would pay out of the purchase moneys to be paid by plaintiff on the contract the delinquent interest and taxes in amounts due up to March 1, 1919.

The attachment above mentioned was not levied upon the land until March 5, 1919, at a time when the performance of contract should have been fully consummated. Had the plaintiff procured the abstract to be extended, as it had undertaken to do, and paid off interest and taxes out of the moneys held in its hands, and which moneys were due from it upon the contract, it could have received delivery of the deed before the attachment lien attached, and its title would have been free from that lien. But this the plaintiff did not do. The defendant had in the meantime moved to New Mexico, and it does not appear that plaintiff made any *bona fide* effort to notify or reach an understanding with the defendant with respect to the attachment lien.

In fact, the plaintiff had never made objection on the ground that the abstract was not furnished within the time required, nor that the interest and commission notes on

the mortgage were not taken care of, nor that an attachment had been levied upon the property until it filed its reply in this case.

The plaintiff, having undertaken to have the abstract extended to date, so as to show the condition of the title, and having agreed to retain from the purchase money sufficient to cover the interest and charges incidental to the $4,000 mortgage, must, to that extent, be held to have waived strict performance of those particular requirements on the part of the defendant that his written contract otherwise called for. The plaintiff, in the position in which it found itself on March 1, 1919, with some $8,000 in its hands still due to the defendant upon the contract, was fully in position to protect itself and gain a good title as against any lien charge growing out of the attachment filed five days later, and no doubt could easily have arranged, had it desired to do so, for a retention from the purchase price of funds sufficient to satisfy the attachment lien after it had attached, or could have had a direct and immediate payment of that lien by the defendant had she been notified. That having been its position and having to such extent relieved the defendant from strict performance of the contract, the plaintiff cannot in justice now be allowed to declare the contract forfeited by reason of an alleged technical default on the part of the defendant, and which default has in fact been to some extent contributed to by the plaintiff itself.

On August 27, 1919, defendant satisfied the attachment lien, and there is evidence, to some extent indefinite, to show she has paid the past due interest and commission notes. As the record stands, the defendant was entitled to have had the case against her dismissed and should have been allowed to pursue her remedy upon the contract. The case is therefore reversed and remanded for further proceedings.

REVERSED.