Johnson v. Kelley.

---

HANS JOHNSON, APPELLANT, V. JOHN L. KELLEY, APPELLEE.

FILED APRIL 30, 1924. No. 22789.

1. **Homestead:** CONVEYANCE: VALIDITY. Where a written contract provides for the exchange of a tract of land, part of which is a family homestead, for a stock of goods, and the contract, which is invalid as to the homestead because not signed and acknowledged by husband and wife, is carried out by the parties, by delivery of the stock of goods to one and delivery of possession of the land to the other, and a deed to the land properly executed and acknowledged by husband and wife is tendered, the grantee, who is in possession of the land, is not entitled to have the contract set aside as being void because in violation of section 2819, Comp. St. 1922, the statutory provision being for the protection of the homestead interest, and not intended to be

used as a weapon by third parties with which to abrogate executed contracts otherwise valid.

2. **Deeds:** SETTING ASIDE. In this action to set aside a conveyance of land, one of the grounds alleged is false and fraudulent representations. *Held, that the evidence does not preponderate in favor of the plaintiff, and that the district court was justified in refusing to set aside the contract.*

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*R. H. Mathew* and *E. L. Vogeltanz,* for appellant.

*Davis & Davis, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ.

LETTON, J.

Plaintiff in this action sought to set aside a certain contract made with defendant. In substance the petition alleges, that on April 28, 1921, the defendant, then being the owner of 240 acres of land in Loup county, induced plaintiff to exchange a stock of hardware and implements at Arcadia, belonging to plaintiff, for the land which defendant agreed to convey to plaintiff, to be occupied and used for agricultural and grazing purposes, defendant representing to plaintiff that the land was "not sandy enough to blow;" that the representation that the land was not sandy enough to blow was false and untrue, and the land was not suitable for agricultural and grazing purposes, but was underlaid with gravel and sand; that the land is unproductive and quickly dries out in hot weather, of which fact plaintiff was ignorant, but which defendent well knew; that plaintiff delivered possession of the stock of implements to defendant on May 10, 1921, moved upon the land on May 20, 1921, and has been in possession until the present time; that 160 acres of the land was the family homestead of the defendant; that the contract was not executed nor acknowledged by defendant or his wife, and was therefore void;

that no deed to the land has been delivered to plaintiff, nor placed in escrow; that defendant has sold goods from the store for which he refuses to account; that about October 1, 1921, after learning the facts, plaintiff offered to give possession of the land to defendant and to pay a reasonable rent for the same; that the land is not of the value represented, and that defendant is insolvent and is about to dispose of the stock of goods. The prayer is for an injunction to restrain the sale of any of the stock of goods, for an accounting, for a declaration that the contract is void, or if found to be enforceable that it be rescinded. The defense is a denial of fraud, and it is alleged that an abstract of title was delivered to the plaintiff, which was approved, and a good and sufficient deed was tendered to plaintiff, which is now on deposit subject to plaintiff's order. A default of payment by plaintiff of a balance due defendant is also alleged. There is a prayer for affirmative relief, requiring plaintiff to pay the balance due upon the contract.

The court found that the evidence did not sustain the allegations of fraud; that defendant had released any claim to the homestead by making conveyances to the plaintiff, and had abandoned the same; that the defendant is entitled to a judgment against the plaintiff for $300, and that the deeds tendered and offered in evidence be held by the clerk of the court subject to the order of the plaintiff. Plaintiff has appealed.

The evidence shows that the contract was not executed nor acknowledged by both husband and wife. It was therefore, as matters then stood, legally insufficient to convey the homestead. Both parties treated it as valid. Plaintiff delivered the stock of goods to defendant on May 10, 1921, and defendant surrendered possession of the entire tract of land on May 20; plaintiff retaining possession at the time of the trial. This action was brought in October, 1921. Defendant delivered to plaintiff an abstract of title to the land for examination and approval, and there is testimony that at that time it was agreed between the parties that

the deed, which was tendered, should be left at the Arcadia State Bank to be delivered to plaintiff upon the payment of $650 which was then found to be due from him on the contract. Plaintiff farmed the land during the crop year of 1921.

With respect to the allegations of fraud, upon which the action was based, plaintiff himself testified as follows: "All the conversation I had with Mr. Kelley was in regard to the assertion—he made the assertion that it did not blow and I took his word for that." This testimony is denied by defendant and others who heard the conversation, and there is proof that at the time plaintiff inspected the land he asked defendant about the subsoil, and defendant told him there was a spade by the windmill and he could examine it for himself. On cross-examination plaintiff testified: "Q. What did he say? A. About all the representations he made was that the land would not blow. * * * Q. That was about all you relied on—that he said about it— that it would not blow? A. Yes. Q. How long had you lived in Nebraska at that time? A. Lived in Nebraska since 1881. Q. He told you that Nebraska soil would not blow? A. Yes." Plaintiff had been a farmer in Sherman county for more than 10 years. He testifies that he discovered the nature of the soil in May, and discovered in June and July that the soil would blow, but he made no objection until October or November. There is testimony that defendant said the land was worth $80 an acre, and some testimony that it is worth not much more than half that amount. But the petition does not charge over-valuation as an element of fraud; and, even if it had, the mere setting of a price or value by a seller upon that which he seeks to sell has never been considered to be more than "dealers' talk," and does not furnish ground for an action for deceit. Before the contract was made plaintiff had driven about and walked over the land and had examined some of the buildings. There is also testimony that in July or August, 1921, plaintiff said that he liked the land and

that it was as good a farm as there was upon the Calamus river.

The determination of this case rests upon questions of fact, since the carrying out of the contract by the actual exchange of properties, the acceptance and approval of the abstract, the tender of the deed, and the fact that the deed remains subject to plaintiff's order, remove the transaction from the operation of the statute requiring a contract or conveyance of a homestead to be signed and acknowledged by both husband and wife. *Laughlin v. Gardiner,* 104 Neb. 237; *Farmers Investment Co. v. O'Brien,* 109 Neb. 19.

Complaint is made that the deed tendered was made "subject to railroad right of way." There is no evidence that any railroad has a right of way over the land. No complaint on this score was made when the deed was tendered and no issue is made in the pleadings on this matter. Another warranty deed fully in accordance with the terms of the contract and containing no reservations was tendered to plaintiff at the trial and refused, and, under the final order of the court, is in the hands of the clerk for delivery to plaintiff, and is subject to his order. Plaintiff therefore cannot complain upon this score.

A review of the evidence requires us to reach the same conclusion upon the facts as that arrived at by the district court.

AFFIRMED.

Note—See Homesteads, 29 C. J. p. 889, sec. 265; Deeds 18 C. J. p. 447, sec. 554.