ELMER MUSSER ET AL., APPELLEES, v. GIDEON ZURCHER ET AL., APPELLANTS.

146 N. W. 2d 559

Filed November 18, 1966. No. 36328.

Brogan & Monan, for appellants.

William G. Whitford, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

MANASIL, District Judge.

Gideon and Aurel Zurcher were married in 1929 and the following year, as tenants, they moved onto the farm legally described as the northeast quarter of Section 3, Township 22 North, Range 5 west of the 6th P.M., Boone County, Nebraska, where they lived for 33 years. They purchased the farm in 1959 for $15,000. After said purchase the defendants made some improvements of less than $1,000 and withdrew from the farm house the bathroom fixtures, which were placed in their home in Tilden, which they had purchased and intended to move into after farming one more year, 1964. Gideon was 69 years old and Aurel 55 at time of trial.

Gideon had farmed the place without hired help. He had never engaged in any other occupation or business and had only an eighth grade education. On September 9, 1963, he suffered a paralyzing stroke. Up to that time he had actively engaged in farming, both livestock and crop operations. Since the stroke, he has not worked one day, is unable to drive or ride in a car, cannot walk any distance, suffers from dizziness, and was unable to dress or feed himself for a long time. Due to the illness, Gideon was unable to continue farming, and the defendants of necessity moved into a house in nearby Tilden. The farm was rented to LeRoy Warneke on a crop-share basis.

Without any solicitation on the part of defendants, the plaintiff, Elmer Musser, appeared at defendants' place in Tilden. Musser claims he was there twice on the same day, which is denied by defendants. In any event, an option to purchase said land was entered into between the parties dated September 8, 1964. All parties to the option stated that the signatures were theirs. The plaintiffs, Mussers, contend that the option was complete when signed. The defendants, Zurchers, contend neither the description, nor the sale price, nor the provisions pertaining to crops and taxes, nor the $1 consideration were included or in the option when they signed the same.

The option provided, among other things not pertinent to this opinion, that: "In consideration of the sum of $1.00 in hand paid and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, * * *. It is agreed that the Buyer's efforts to obtain such a loan constitute a part of the consideration for this option. * * * This option may be exercised by the Buyer, * * * by mailing * * * a written notice of acceptance of the offer * * * in the City of Tilden, County of Madison, State of Nebraska. The offer herein shall remain irrevocable for a period of three months from the date hereof * * *. The Seller may terminate this

offer at any time after the three months' irrevocable period provided herein by giving to the Buyer ten (10) days' written notice of intention to terminate at the address of the Buyer."

On November 9, 1964, an acceptance of the option was, by certified mail, sent to the Zurchers. They received the same on November 10, 1964. This is within the 3-month period.

Prior to the acceptance of the option by Mussers, Gideon Zurcher, by telephone, called the Musser residence, talking to Mrs. Musser and stating that they, the Zurchers, were withdrawing their offer to sell and to notify Mr. Musser.

Defendants refused to perform and plaintiffs brought this action for specific performance.

Further facts that are disclosed by the testimony are: That the Zurcher farm had not been previously listed for sale with a licensed broker; that the defendants had offered this farm for sale to their tenant for $20,000 in the fall of 1964; and that Warneke advised, however, after a lapse of a few days that he was unable to make the downpayment or complete the purchase.

Elmer Musser, one of the plaintiffs, then visited with defendants, Zurchers, on two occasions. There is a conflict as to whether both visits were on the same day or different days. Musser stated they were on the same day; Zurchers stated they were on different days. At the first visit, after preliminary conversations, Gideon Zurcher, with his wife present at the conversation, advised Elmer Musser that he wanted $20,000 for the farm, who advised that he could not pay that much; whereupon, Gideon Zurcher reduced the purchase price to $18,000. Elmer Musser advised that it was necessary for him to borrow the money and proceeded to have the option drawn. Elizabeth Musser signed the same at Neligh, Nebraska, and Elmer Musser either signed it at the same time and place, or in the dining room of the Zurchers, where the Zurchers signed the option to pur-

chase. On this visit by Elmer Musser the defendant called his wife, Aurel, into the house to sign the paper, which she stated she did not read, but in response to a question of whether she understood that it had anything to do with selling the farm, she replied, "I just knew we was going to sell it."

There is evidence in this record that the farm was discussed, including the price for the same, by Elmer Musser and both Zurchers. There is no evidence in this record of any disability, either mental or physical, of Mrs. Zurcher. There is no question of the physical disability of Mr. Zurcher; however, as to his mental condition there is no medical testimony as to any disability and as to a discussion of his testimony, the answers are lucid and direct. He had complete knowledge of the transaction and the offering of sale to the tenant, Warneke; and to Elmer Musser he stated from whom he purchased the farm, the date, the cost, and the improvements made thereon. Furthermore, he directed his wife to call the Mussers and cancel the option giving as his reason that "it would be worth more to me to keep it."

Defendants placed on the evidence stand two witnesses who testified that the land was worth more than was agreed to be received by the defendants. Inadequacy of consideration alone is no defense to an action for specific performance of a contract unless so great as of itself to furnish an irresistible inference of fraud. Garsick v. Dehner, 145 Neb. 73, 15 N. W. 2d 235.

Defendants further question the inadequacy of the option to purchase for the reason that the same was not executed and acknowledged and that said property was a homestead. The undisputed evidence of the defendants themselves is that they had left the farm with no intent of returning. Phifer v. Miller, 153 Neb. 748, 45 N. W. 2d 907.

The question of inadequacy of consideration was raised by defendants who claim the $1 was not paid

which testimony is in conflict with that of plaintiff, Elmer Musser, who stated that the same was paid. The option reads: "In consideration of the sum of $1.00 in hand paid and other valuable considerations, the receipt and sufficiency are hereby acknowldged * * *. This option is given to enable the Buyer to obtain a loan insured or made by the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, and its duly authorized representatives, * * * for the purchase of said property. It is agreed that the Buyer's efforts to obtain such a loan constitute a part of the consideration for this option."

The consideration of a contract need not move to the promisor. A disadvantage to the promisee is sufficient, although the promisor derives no benefit therefrom. Faulkner v. Gilbert, 57 Neb. 544, 77 N. W. 1072; United States Fidelity & Guaranty Co. v. Curry, 126 Neb. 705, 254 N. W. 430.

Defendants also contend that the option to purchase was not complete when signed by them which is also denied by each of plaintiffs. Defendants contend that the $1, the sale price, the legal description, and a provision regarding crops and taxes were inserted after their signature. Defendants' testimony reveals no question as to the amount of the sale price; and that they owned only one farm, and the farm in question was the only one discussed. If these items were left out there most certainly would be implied authority to fill them in. Montgomery v. Dresher, 90 Neb. 632, 134 N. W. 251, 38 L. R. A. N. S. 423; Mazanec v. Lincoln Bonding & Ins. Co., 169 Neb. 629, 100 N. W. 2d 881; Central Constr. Co. v. Blanchard, ante p. 62, 141 N. W. 2d 416.

The judgment of the district court is affirmed.

AFFIRMED.