ROBERT KRUEGER ET AL., APPELLEES, v. DUANE L. CALLIES
ET AL., APPELLANTS.

208 N. W. 2d 685

Filed June 22, 1973. No. 38764.

Moyer & Moyer and W. G. Whitford, for appellants.

Thomas E. Brogan and Richard D. Stafford, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for the specific performance of an alleged agreement for the sale of a homestead. The District Court decreed specific performance. We reverse the judgment.

Defendants are the administrators of the estate of Lawrence C. Callies, deceased. Callies, during his lifetime, was the owner of a 160 acre farm comprising the west half of the west half of Section 34, Township 22 North, Range 4 West of the 6th P.M., in Madison County, Nebraska.

It is stipulated that the land was the homestead of Callies and his wife. On September 5, 1963, he listed the property for sale with O. V. and George Scheer, real estate brokers. Arrangements were promptly made for a sale to plaintiffs and on the following day, September 6, 1963, Callies and wife executed, but did not acknowledge, a sale agreement. On September 7, 1963,

the Callieses signed and acknowledged a warranty deed to plaintiffs. The deed failed to describe any land and was left with the real estate agents who are stipulated to have been acting as agents of Callies. It was never delivered. The sum of $2,000 was paid down on the contract on September 6, 1963.

On December 11, 1963, the Callieses moved off the farm to a home they had purchased in Newman Grove, Nebraska. Callies changed his mind about making the sale and so notified plaintiffs on December 16, 1963. The following day they met at the Scheer office. The north 80 acres was then conveyed to plaintiffs and a mortgage given for the remainder of the purchase price. A note, with interest coupons, was signed by the plaintiffs but apparently not used or delivered. This note stated that: "It is agreed that Robert Krueger & Marie O. Krueger have the privilege of buying back W ½ of SW ¼ 34-22-4, Madison County, Nebraska, anytime the owner whishes (sic) to sell during the term of mortgage which held by Lawrence C, or Myrtle Callies, on W ½ NW ¼-34-22-4 at $165.00 per acre." A second note, with coupons, was made out, executed by plaintiffs, and delivered with the mortgage. On the back of this note is the following: "It is agreed that Robert & Marie O. Krueger, shall have the privilege to make two payments in one year of both principal and interest. It is further agreed that Robert & Marie O. Krueger shall have the privilege of buying said 80 acres secured by this mortgage at the price of $165.00 per acre after five years on or before the maturity of this mortgage." This note is due January 1, 1974.

Callies was predeceased by his wife and following his death, plaintiffs demanded performance of the alleged agreement to convey the south 80 acres. This action was then instituted.

Delivery is essential to the validity of a deed. See Short v. Kleppinger, 163 Neb. 729, 81 N. W. 2d 182. There having been no delivery, it is apparent that the

deed with the blank description executed on September 6, 1963, is a nullity.

A homestead cannot be conveyed or encumbered except by an instrument executed and acknowledged by both husband and wife. See § 40-104, R. R. S. 1943. Such a conveyance is void and unenforceable and it being conceded that the land was on September 6, 1963, when the contract of sale was signed, the Callieses' homestead, it is evident that this unacknowledged instrument is also a nullity.

The notations on the two mortgage notes bear conflicting provisions but are ineffective in any event. The statute of frauds provides that an agreement for the sale of land is void in the absence of a written memorandum signed by the vendor. See § 36-105, R. R. S. 1943. The notes were not signed by the Callieses. In this connection plaintiffs produced and attempted to identify and introduce in evidence the following: "It is agreed that Robert & Marie Krueger have privilege to buy said 80 acres $165.00 per acre on or after maturity of mortgage. Lawrence Callies." The instrument being otherwise without foundation was correctly rejected by the trial court. A person having a direct legal interest in the result of a civil action when the adverse party is the representative of a deceased person is incompetent to testify to any transaction had with such deceased person. See § 25-1202, R. S. Supp., 1972.

Although not briefed, in argument plaintiffs sought to sustain their position by contending that their agreement to forego the agreement contained in the September 6, 1963, contract of sale was a consideration, together with the $2,000 downpayment, for the alleged agreement for the later right to purchase the south 80. The downpayment was subsequently applied on the purchase of the north 80 and the contract of purchase being void it cannot, in our judgment, be considered a valid consideration for any later agreement. They fur-

ther argued that there was sufficient part performance of the alleged agreement for the purchase of the south 80 to remove it from the purview of the statute of frauds. They base this argument also on the relinquishment of their rights under the September 6, 1963, contract of sale. This contract being void, plaintiffs acquired no rights under it, had nothing to relinquish, and the record is barren of anything that could conceivably be construed to constitute part performance of any agreement for the purchase of the south 80.

The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein for the following reasons: First. The land was not a homestead at the time of the sale. The evidence shows that the parties left the premises claimed as a homestead without any intention of returning to it for homestead purposes. An abandonment of the homestead right has been established. Phifer v. Miller (1951), 153 Neb. 748, 45 N. W. 2d 907.

Second. The deed took the contract out of the statute of frauds. Even if the property were a homestead, an unacknowledged contract for its sale would be valid where it is made simultaneously with a deed which is acknowledged. Farmers Investment Co. v. O'Brien (1922), 109 Neb. 19, 189 N. W. 291.

Third. Specific performance is not barred by the statute of frauds where there has been part performance. Section 36-106, R. R. S. 1943, provides: "Nothing contained in sections 36-101 to 36-106 shall be construed to abridge the powers of a court of equity to compel the specific performance of agreements in cases of part performance."

Fourth. The land involved herein increased in value after the option was given, but that is no reason to

deny specific performance. Musser v. Zurcher (1966), 180 Neb. 882, 146 N. W. 2d 559.

McCown, J., joins in this dissent.