772 N.W.2d 110 (2009)
17 Neb. App. 820
John SZAWICKI, appellee,
v.
Genevieve C. SZAWICKI et al., appellants.
No. A-08-746.
Court of Appeals of Nebraska.
August 4, 2009.
*112 Martin A. Cannon, of Cannon Law Office, Omaha, for appellants.
Thomas R. Ostdiek, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., Omaha, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
Genevieve C. Szawicki, Richard McShane, and Frances Johnston appeal the decision of the Douglas County District Court determining that Genevieve had no property interest in real estate purportedly conveyed by Florian Szawicki to her and her stepson, John Szawicki, as joint tenants with Florian, who was her husband and John's father.

STATEMENT OF FACTS
Florian became the fee simple absolute record owner of the property located in the northeast quarter of Section 8, Township 16 North, Range 13 East of the 6th P.M., also referred to as 3616 Ponca Road, Omaha, Douglas County, Nebraska, upon the death of his first wife in 1978. In 1979, Florian conveyed the property to himself and his son, John, as joint tenants with right of survivorship. In 1981, Florian married Genevieve and she moved into the residence.
On September 23, 1983, Florian and John conveyed the property to Florian, John, and Genevieve as joint tenants with right of survivorship. That deed, hereinafter referred to as the "1983 deed," was signed and acknowledged only by Florian and John; it was not signed or acknowledged by Genevieve. After Florian died in 1985, Genevieve continued to live on the property. In 1986, Genevieve conveyed the property herself in an attempt to sever the joint tenancy. Genevieve continued to live at the home until the summer of 2000, when she suffered a stroke. After her hospitalization, Genevieve was moved to an assisted living facility and Genevieve's two children, McShane and Johnston, then moved into the home to assist with its continued care and maintenance.
*113 In June 2005, John filed a complaint against Genevieve, McShane, and Johnston, requesting that he be declared sole owner of the property in question, that McShane and Johnston be ejected from the property, or, in the alternative, that the property be partitioned. On November 16, John filed a motion for summary judgment and a hearing was held thereon. Posthearing, the district court granted leave to Genevieve to file an affidavit, to which John filed an objection on the basis of relevancy, foundation, and hearsay. After taking the matter under advisement, the district court granted the motion for summary judgment, finding that the 1983 deed was void because the document did not comply with Neb.Rev.Stat. § 40-104 (Reissue 2004) in that Genevieve had not signed the document. The district court further determined that John was the fee simple absolute owner of the property in question and ordered that Genevieve, McShane, and Johnston be ejected from the property. The district court determined that Genevieve had an equitable interest in the property and should receive reimbursement as such. The district court found that there was a genuine issue as to the amount Genevieve was to be reimbursed and set that matter for trial.
Genevieve filed a motion for a new trial and, at the hearing, requested that a December 15, 2005, affidavit of Genevieve be submitted. On May 11, 2006, the district court entered an order nunc pro tunc correcting clerical errors and clarifying the previous order, in addition to sustaining John's objections to Genevieve's affidavit as to paragraphs 3, 4, and 6 through 9. From that order, Genevieve appealed to this court in case No. A-06-576, which we summarily dismissed on July 13, 2006, in accordance with Neb.Rev.Stat. § 25-1315 (Reissue 2008), for lack of jurisdiction.
In February 2007, John filed a supplemental complaint requesting that the district court award him fair market value rent in the amount of $67,450 for the property from May 2000 through June 2006, the time period during which Genevieve's two children occupied the residence. Trial was held on the supplemental complaint, in addition to the amount of reimbursement due to Genevieve.
Genevieve testified that prior to her marriage to Florian, she had owned her own home which she planned on leaving to her children upon her death. However, when she married Florian, she sold that home and used the money, approximately $24,000, on Florian's home for repairs and improvements completed while Florian was still alive. She testified that even though she had been staying at the assisted living facility since her stroke, she did not ever intend to abandon the property and continued to make weekly trips to the property, in addition to holding family celebrations and holiday dinners there.
John testified that from April 1985 through May 2006, he had been in the home only one time for the reading of Florian's will and that, during that time, he had never offered to pay for any expenses associated with the property and had never been asked by Genevieve or her children to contribute.
Genevieve's son, McShane, testified that he had paid the property taxes and insurance on the property since 2000 and that prior to that time, Genevieve had paid all the property taxes and expenses. McShane submitted evidence that the property taxes had not been delinquent since 1981.
The district court determined that the previous ruling as to ownership would not be reconsidered; concluded that, due to John's lack of action or interest in the property until 2006, Genevieve's children *114 were not trespassing; and dismissed John's supplemental claim for rent. The district court further determined that Genevieve be reimbursed for a portion of the expenses she submitted to the court as evidence of the moneys spent on the property, ordering that she be reimbursed $20,389.31.
John filed a motion for new trial, which was overruled after a hearing on the matter. Genevieve has timely appealed to this court.

ASSIGNMENTS OF ERROR
Genevieve assigns that the district court erred in finding that the 1983 deed was void and by excluding certain paragraphs within her affidavit submitted to the court. John, on cross-appeal, argues that the district court erred in failing to award rental fees and damages, in ordering John to pay Genevieve reimbursement for real estate taxes paid, and in finding that the 1986 deed did not sever the joint tenancy.

STANDARD OF REVIEW
On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court. Channer v. Cumming, 270 Neb. 231, 699 N.W.2d 831 (2005).

ANALYSIS

Deeds.
Genevieve asserts that the district court erred in determining that the 1983 deed was void due to Genevieve's lack of signature and acknowledgment. The district court granted John's motion for summary judgment finding that, under § 40-104, the deed was void.
Section 40-104 provides that "[t]he homestead of a married person cannot be conveyed ... unless the instrument by which it is conveyed ... is executed and acknowledged by both husband and wife ...." This section applies to contracts for sale as well as to conveyances or encumbrances. Landon v. Pettijohn, 231 Neb. 837, 438 N.W.2d 757 (1989). A deed purporting to convey a homestead is void if not executed by both husband and wife. Krueger v. Callies, 190 Neb. 376, 208 N.W.2d 685 (1973). However, a deed from husband to wife need not be signed by the wife. Furrow v. Athey, 21 Neb. 671, 33 N.W. 208 (1887).
This particular case presents an interesting question as a result of the particular facts surrounding the deeds in question. The record shows that in 1979, a deed was filed which conveyed the property in question to Florian and John as joint tenants with right of survivorship; thus, at the outset, John and Florian have a legal interest in the property. Then, Florian married Genevieve, Genevieve moved into the property, and in 1983, Florian and John conveyed the deed to Florian, John, and Genevieve, as joint tenants with right of survivorshipthe catch being that the 1983 deed was not signed or acknowledged by Genevieve.
In his argument that the district court was correct in determining that the 1983 deed was void, John relies on Krueger v. Callies, supra, which involved an action for specific performance of an alleged agreement for the sale of a homestead, where the husband listed the property for sale and made arrangements and executed a sale agreement to a third party. Neither husband nor wife acknowledged the sale agreement, but both acknowledged a warranty deed. However, the deed failed to describe any land. The Nebraska Supreme Court held that a deed purporting *115 to convey a homestead is void if not executed by both husband and wife.
On the other hand, in her argument that the district court erred in finding that the 1983 deed was void, Genevieve relies upon Furrow v. Athey, supra, wherein a deed of conveyance of real estate was executed by the husband directly to the wife and wherein the Nebraska Supreme Court held that where the husband and wife occupy the homestead, the title to which is in the name of the husband, a deed of conveyance from the husband to the wife, signed and acknowledged by the husband alone, is valid. The court reasoned as follows:
Statutes creating the homestead right were enacted for the protection of the family of the husband or wife, if the head of the family were a debtor, and for the protection of the husband or wife against a conveyance or encumbrance by the other. Both can join in a conveyance, and by it the right of the children or other members of the family may be entirely destroyed; but where the title is held by the husband, he cannot sell without the consent of the wife expressed by signing and acknowledging the deed.... In effect, an estate or interest in the land is created, of which the party not named in the deed cannot be divested by the sole act of the other.
Furrow v. Athey, 21 Neb. at 672-73, 33 N.W. at 209.
We agree with Genevieve that the application of Furrow v. Athey, supra, is appropriate to the present case. Once Florian and Genevieve were married, Genevieve retained a marital interest in the home, which became a legal interest in the property as conveyed by the 1983 deed from Florian and John to Florian, John, and Genevieve as joint tenants with rights of survivorship. The record in this case illustrates that Florian was not attempting to divest Genevieve of her interest in the property by conveying the property to an outside party or debtor without her knowledge or consent, but that he was conveying the property directly to her, just as in Furrow v. Athey. Accordingly, the deed of conveyance from Florian and John to Genevieve, signed and acknowledged by Florian and John alone, is valid although not signed and acknowledged by Genevieve.
We find that the district court erred in determining that the 1983 deed was void and that John owned the property in fee simple absolute, and therefore, we reverse and vacate the district court's orders and remand the cause for further proceedings. Having determined that the 1983 deed was not void for lack of Genevieve's acknowledgment, it follows that the 1986 deed filed by Genevieve conveying the deed to herself for the purposes of severing the joint tenancy was valid. See, Neb.Rev.Stat. § 76-118 (Reissue 2003); In re Estate of Potthoff, 273 Neb. 828, 733 N.W.2d 860 (2007) (existing estate in joint tenancy can be destroyed by act of one joint tenant which is inconsistent with joint tenancy and that such act has effect of destroying right of survivorship incidental to it).
As a result of the severance, Genevieve and John hold the property as tenants in common, and since joint title has been established, partition may be had as a matter of law. See, Neb.Rev.Stat. §§ 25-2170 and 25-2170.01 (Reissue 2008); Malcom v. White, 210 Neb. 724, 316 N.W.2d 752 (1982). It is evident from the record that the parties are not in agreement as to the status of the property, and as such, John's request contained in his complaint for a judgment of partition should be granted by the district court and a referee *116 should be appointed for the sale of the property and division of the proceeds.

Genevieve's Affidavit.
Genevieve contends that the district court erred in excluding paragraphs 3, 4, and 6 through 9 of her affidavit submitted in conjunction with the motion for new trial; however, having determined that the 1983 deed was valid, we need not address this assignment of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. Papillion Rural Fire Prot. Dist. v. City of Bellevue, 274 Neb. 214, 739 N.W.2d 162 (2007); Sand Livestock Sys. v. Svoboda, 17 Neb. App. 28, 756 N.W.2d 299 (2008).

Cross-Appeal.
John also argues various errors by the trial court in a section of his brief entitled "Cross Appeal." We will not address the arguments set forth in that section, because John has failed to properly set forth any assignment of error in his cross-appeal. A party filing a cross-appeal must set forth a separate division of the brief prepared in the same manner and under the same rules as the brief of appellant. See, Neb. Ct. R. App. P. § 2-109(D)(4); Vokal v. Nebraska Acct. & Disclosure Comm., 276 Neb. 988, 759 N.W.2d 75 (2009); In re Interest of Natasha H. & Sierra H., 258 Neb. 131, 602 N.W.2d 439 (1999). Therefore, the cross-appeal section of a party's brief must set forth a separate title page, a table of contents, a statement of the case, assigned errors, propositions of law, and a statement of facts. See, § 2-109(D)(1); Vokal v. Nebraska Acct. & Disclosure Comm., supra.
As in Vokal v. Nebraska Acct. & Disclosure Comm., supra, John's separate section entitled "Cross Appeal" contains only argument, and the Nebraska Supreme Court has found time and again that errors argued but not assigned will not be considered on appeal. See, also, Sturzenegger v. Father Flanagan's Boys' Home, 276 Neb. 327, 754 N.W.2d 406 (2008); Malchow v. Doyle, 275 Neb. 530, 748 N.W.2d 28 (2008).

CONCLUSION
In conclusion, we find that the district court erred in determining that the 1983 deed conveying the property to Genevieve was void due to a lack of Genevieve's signature and acknowledgment. Therefore, we reverse and vacate the district court's orders and remand the cause for further proceedings consistent with this opinion.
REVERSED AND VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.